# APRIL TERM, 1887.*

ARTHUR R. TRIPP, PROSECUTING ATTORNEY, v. THE
PONTIAC & LAPEER PLANK ROAD COMPANY.

*Plank-road companies—Charter—Forfeiture—Equity* [1]

Act No. 232, Laws of 1875, providing for proceedings in equity to
adjudicate the default of plank-road companies for a violation
of the provisions of section 2 of the act, does not apply to a com-
pany whose charter was granted for 60 years, and could only be
altered or amended after 30 years, unless it was made to appear
to the Legislature that the charter had been violated; said period
of 30 years not having expired at time of the passage of the act,
and no attempt having been made by the Legislature to ascer-
tain or declare any forfeiture or change of said charter for its
violation.

Appeal from Oakland. (Stickney, J.) Argued January
12, 1887. Decided May 5, 1887.

Bill filed to declare default of plank-road company, under
Act No. 232, Laws of 1875. Defendant appeals from decree
overruling demurrer for want of legal authority to file bill.
Reversed, and bill dismissed. The facts are stated in the
opinion.

*Aaron Perry*, for complainant.

*J. Ten Eyck*, for defendant.

CAMPBELL, C. J. Complainant filed a bill in Oakland
county to forfeit the chartered privileges of defendant, basing
it upon statute 232 of 1875, entitled—

---

* Continued from Vol. 65.

[1] For full digest of points decided, see *Table of Cases Reported.*

"An act to amend sections two, three, and four of 'An act relative to plank-road companies,' approved February 12, 1855, being sections 2614, 2615, and 2616 of the Compiled Laws of 1871."

The causes of forfeiture are those mentioned in the act of 1875, differing essentially from previous statutes, and the bill is rested on section 2 of this act, which allows this new remedy to enforce the forfeiture.

Defendant demurs, on the ground that there is no legal authority for filing such a bill. The court below overruled the demurrer, and defendant appeals.

The defendant received a special charter in 1848, which declared a general law of 1848 concerning plank-road companies to form a part of it. That statute does not purport to provide for creating companies; but, inasmuch as it had been decided at that time that general corporation laws were void, and that each corporation must be especially chartered (*Green v. Graves*, 1 Doug. [Mich.] 351), this law was adopted to save the necessity of repeating the same provisions in numerous charters, by setting out such regulations as might become parts of each charter by adoption. The defendant's charter expressly adopted it by a section declaring that the provisions of the act of March 13, 1848, "shall be and are made a part of this act." Laws 1848, pp. 59, 371.

The charter was made to continue 60 years, and could only be altered or amended after 30 years, unless it was made to appear to the Legislature that the charter had been violated. This general act, made a part of the charter, imposed pecuniary forfeitures for its violation. It also declared very specifically what should be the duties and responsibilities of the company.

There has been no attempt by the Legislature to ascertain or declare any forfeiture or change of this charter for its violation. It was held in *Flint & Fentonville Plank Road Co. v. Woodhull*, 25 Mich. 99, that the Legislature could not act on such a violation until it had been found judicially on a

proper legal prosecution. The same principle was declared, concerning amendatory power, in *City of Detroit v. Detroit & Howell Plank Road Co.*, 43 Mich. 140.

It is also well settled that there is no inherent jurisdiction in chancery to act upon corporation defaults and violations of charter. *Cady v. Centreville Knit Goods Manf'g Co.*, 48 Mich. 133.

It is also worthy of remark that under the general plank-road act of 1851, which was passed when the Legislature had power to impose any conditions it chose on companies formed under it, while power was reserved to alter, amend, or repeal any of its provisions, the same section declared that no company should be affected by such change "unless especially named in the act so altering or amending this act." Laws 1851, p. 230.

In 1855, power was given all the chartered companies to use gravel instead of plank. Laws 1855, p. 236. In the same year was passed "An act relative to plank-road companies," which did not in terms refer to chartered companies, and which laid down new duties concerning the method of building and keeping plank-roads in order, and which repealed by its last section two provisions of forfeiture contained in the general law of 1848, making no further reference to that law, and making no reference to any charters. Laws 1855, p. 272. This is the act which was recast in 1875, and is now, in its new shape, relied on to support this proceeding.

The only statute which refers to this company by name is an act of February 16, 1857, which confirms it in its corporate rights in the same manner as if it had been organized within the precise time prescribed by its charter. Laws 1857, p. 386.

The law of 1875, under which this bill is filed, while purporting to be an amendment of the law of 1855, changes all

of its sections by introducing new and very stringent provisions; and by section 2, reiterated in sections 3 and 4, provides for a suit in equity by the prosecuting attorney, on the complaint of a highway commissioner, to have the default judicially declared and ascertained, and the "forfeiture ascertained and enforced." Laws 1875, p. 286.

Whether any companies existed whose charters embodied the general law of 1848 we are not advised. But the charter of defendant, which was passed when charters were necessary, and which was a contract the State could not violate, was not amendable until after 30 years. The act of 1855 does not purport to be an amendment of the law of 1848, except as it repeals certain conditions of forfeiture. It could not change special charters which had embodied it, unless they were themselves subject to amendment. The law of 1875 does not refer to those sections of 1855 which directly mentioned the law of 1848; but, whether it did so or not, it could not, any more than the act of 1855 could, change any charter not subject to amendment. The chancery clauses all refer to those changes, and are embodied with them.

When this act of 1875 was passed, the period of 30 years from the date of defendant's charter had not expired, and it could not, therefore, affect the defendant. Both it and the law of 1855 probably had operation over many plank roads not protected by chartered privileges. But, however this may be, and aside from the question whether amendments could be made to apply to companies not named (which was expressly guarded against, even under the general law passed since the Constitution of 1850), no amendment made earlier than 1878 could operate on defendant's charter, whether passed by a two-thirds vote or not.

It is not necessary in this case to determine how far the Legislature can deprive a company of its right to a common-

law jury to pass upon forfeitures, inasmuch as the act of 1875 is not applicable to defendant at all.

In my opinion the bill should be dismissed.

CHAMPLIN and MORSE, JJ., concurred.

SHERWOOD, J. (*dissenting*).   The bill in this case is filed by the prosecuting attorney of the county of Oakland, on the complaint and request of Theodore A. Collier, commissioner of highways of the township of Pontiac, in said county; and states that the defendant company was duly organized under Act 240, Laws of 1848, and Act 143, Laws of 1857, and was authorized, under said acts, to construct a plank road from the village of Pontiac, in the county of Oakland, to the village of Lapeer, in the county of Lapeer; that more than 15 years ago said defendant took possession of the route, and built and constructed a gravel road on a portion thereof, it being a portion of the public highway, and said road being nine and one-half miles long; that defendant constructed the necessary toll-houses upon said road, with convenient gates, for the purpose of collecting toll, and that said defendant never constructed over said nine and one-half miles of the road between Pontiac and Lapeer; that, for more than 10 years after the graveling of said nine and one-half miles of road, the company from time to time demanded and received toll of persons passing over the same; that said defendant has never constructed or maintained its road as required by law; that the graveled road was not made nine feet wide, or graveled to the depth of seven inches; that the gravel is not of the size required, and nowhere is the road 16 feet wide; that said defendant has never contructed its road on a grade not exceeding in ascent or descent more than one foot in every ten, nor is it a good, smooth, permanent road; that the defendant has not caused its road, nor any mile thereof, to be kept in good repair; that said road, as constructed and used by defendant, has always been not of sufficient width,

the grade has been more than one foot descent in ten, the gravel is not of sufficient depth, and it has continued the same rough and uneven, full of holes and ruts, and so much out of repair as to be dangerous for the passage of teams and vehicles; that for more than one year last past defendant has ceased entirely to keep up its road, or any part thereof, or the gates on the same, and has abandoned said road without the consent of the Legislature; and that, by reason of the acts and neglects and abandonment above mentioned, the bill charges that the defendant has forfeited all right to take or demand toll on said road, or any part thereof.

Complainant prays that the Pontiac & Lapeer Plank Road Company may answer without oath, and that the default of the company in not constructing or maintaining its road as required by law, and its default in ceasing to keep up its road, and in abandoning the same without the consent of the Legislature, be judicially ascertained and declared, and that defendant be perpetually enjoined from demanding or receiving any toll hereafter, and that such other relief may be given as shall be agreeable to equity.

To the bill of complaint, the defendant, by its attorney, filed the following demurrer:

"This defendant demurs to the said bill, and for cause of demurrer shows that the complainant has not in and by his said bill made or stated such a case as entitles him, in a court of equity, to any discovery or relief from or against this defendant touching the matters contained in the said bill, or any of such matters.

"And, for a further cause of demurrer, this defendant shows that the said circuit court in chancery is not the proper tribunal to hear, try, and determine the matters stated and charged in the complainant's bill, viz., that said defendant had not constructed its said road according to the charter, and statutes forming a part thereof, under which said road was constructed, as is alleged in said bill; but that the Supreme Court of the State of Michigan has jurisdiction, and is the proper tribunal, by information in the nature of a *quo warranto*, to hear, try, and determine the said matters.

"And, for a further cause of demurrer, this defendant

shows that said circuit court in chancery is not the proper tribunal to hear, try, and determine the matters stated in said bill as to whether or not the defendant had, after having constructed its road, suffered the same to get out of repair so as to be inconvenient and dangerous for the passage over it of teams and vehicles, or as to whether the defendant, for the space of one year or more last past, had ceased entirely to keep up its said road, or any part thereof, and more than one year ago removed all of its gates from its said road, and abandoned the same without the consent of the Legislature of the State of Michigan, and has ever since that time continued to keep said gates so removed, and to abandon its said road without the consent of the said Legislature; but that, by the charter and statutes forming a part thereof named in said bill, fines and penalties are amply provided to protect the public in all their rights pertaining to the dangerous condition of said road or otherwise, and that such fines and penalties are to be recovered, and the right to take toll in certain cases forfeited, by such corporations in actions at law, and not by proceedings in chancery.

"Wherefore, and for divers other good causes of demurrer appearing in the said bill of complaint, this defendant demurs to the said bill, and to all the matters therein contained, and prays the judgment of this honorable court whether it shall be compelled to make any further or other answer to the said bill; and it prays to be dismissed, with its reasonable costs in this behalf sustained."

The cause, on demurrer, was heard at the Oakland circuit, before Judge Stickney, who overruled the demurrer, and allowed the defendant 30 days in which to answer. From this decree the defendant appealed to this Court.

Complainant's bill is filed under the law of 1855, as amended by the law of 1875. Act No. 122, 1855; No. 232, Laws of 1875. See, also, How. Stat. § 3648.

It is claimed by defendant's counsel that the act of 1875 does not apply to the charter of the defendant company, and the general law relating to plank-road companies, which constitutes a part of defendant's charter. The general law was passed March 13, 1848, and the charter of defendant, April 3, 1848. The defendant company, by its counsel, further claimed that, if the act of 1875 does in any way apply

to the special act and law of 1848, then the law of 1875 is void, for the reason that it is in conflict with the federal Constitution; it impairs the obligation of contracts.

By the terms of the act authorizing the existence of the defendant, the company was to continue 60 years. Laws of 1848, p. 371. By section 4 of the special act of incorporation of the defendant company, the right to amend its charter by a two-thirds vote is expressly reserved to the Legislature after 30 years; and more than 30 years have elapsed since the organizing act was passed. Laws 1848, p. 371. No question seems to be made but that the act of 1875, and under which this suit was brought, was passed by the requisite two-thirds vote of the Legislature. Sections 2, 3, and 4 of the act of 1875 read as follows:

"Sec. 2. Every plank-road company, and the owners of any such plank road by purchase or otherwise, shall cause to be laid down, and kept closely together, and in an even manner, so that the surface shall be uniform, the plank upon its road; or if the said company or owners shall have built any portion of their road, or may hereafter build any portion of the same, of gravel, or of stone so broken as to serve the purpose of gravel, they shall cause the said gravel or broken stone, of proper quality and quantity, to be placed upon the road, and kept in a uniform manner, of the width and depth required by law; and, in case of default, they shall forfeit the right to receive any toll upon such road; and the prosecuting attorney of the county, on complaint of the highway commissioner of any township in which any portion of the road defectively constructed or out of repair lies, may institute a suit in the circuit court of the same county in chancery to have such default judicially ascertained and declared; and the said circuit court in chancery for the respective counties shall have full jurisdiction of all cases arising under this act, to hear, try, and determine the same, upon bill or petition filed according to the usual course and practice of those courts.

"Sec. 3. Every plank-road company shall have the right to receive tolls at any time after it shall have constructed two consecutive miles of [the] road: *Provided*, That this section shall only apply to plank roads during the period in which they are or may have been in the course of construction, and

not afterwards: *And provided further,* That if any plank-road company, or the owner or owners of any such plank road by purchase or otherwise, shall have heretofore, for the space of one year or more, ceased, or may hereafter cease, in like manner, to keep up the road, or any part thereof, exceeding five continuous miles in length, and shall have removed its gates therefrom, and abandoned the same without the consent of the Legislature of this State, such road shall be deemed to have forfeited the right to take any toll upon said road, or any part thereof, and such forfeiture may be ascertained and enforced as provided for in section two of this act.

"Sec. 4. Every plank-road company shall cease to be a body corporate if within three years, or, if hereafter organized, then if within three years from the date of its organization, it shall not have commenced the construction of its road, and actually expended thereon at least ten per cent. of the capital stock; and every plank-road company which shall have so far completed its road as to be entitled to receive tolls thereon, or upon some portion thereof, and shall have actually commenced to receive such tolls, shall cease to be a body corporate, if it shall hereafter neglect, for the term of five years successively, to hold the annual meeting for the election of directors, and shall hold no election of directors during all that time."

It is true the act of 1855, to which the act of 1875 is an amendment, does not in terms refer to the general plank-road law, but they both relate to the same subject, and were both intended, as long as in existence, to be a part of the general law of the State relating to plank and graveled roads. Before these two amendatory statutes were passed, the only mode of redress, when the company had completed a portion of its road, but not as required by law, or failed to keep it in proper condition for travel when constructed, was to prosecute for penalties provided by the general law, or proceed by *quo warranto* to forfeit the franchises of the company. It is not claimed by counsel for defendant that for either or any of the causes of complaint stated in the bill these proceedings could not have been properly taken. In this case the statute of 1875 does no more than furnish to the parties

aggrieved further or other remedy for the injuries received or impending.    This statute says, in substance, that the company shall have no right to take toll until some portion of its road has been constructed, or, if constructed, while it is out of repair; and its condition in both of these respects may be investigated and determined in a court of chancery; and if the road shall be found not constructed according to the requirements of the statute, or, if constructed, that it is out of repair, then and in such case the company may be enjoined from collecting toll.

I fail, in this proceeding, to discover any infringement of vested rights, or the impairing of the contract obligations of the company or the State.    I know of no statute or rule of court vesting in the company the right to take toll upon its road before any portion of it is completed, or, if completed, kept in such manner as to be unfit for travel and abandoned.   Franchises are granted only upon condition that they shall be properly executed, according to the terms of the charter under which they are received.    This is a part of the law of all corporations, and the remedy for failure of the recipient of the franchise to properly execute the same is always within the power creating the franchise to prescribe, and this is always a well-understood part of the compact between the State and the beneficiary.    The kind of remedy may be changed in such manner as best to secure the object of the franchise.    Of course, the remedy, whatever it may be, can never affect vested rights.    A non-performance of the conditions of the act of incorporation constitutes a forfeiture at common law.    The non-completion of the road within the time prescribed, the construction of the road not in accordance with the act, the neglect to repair the road until it becomes unfit for travel, are all grounds of forfeiture, and are all averred to exist in this case in complainant's bill; and the demurrer of defendant admits this to be true.

The circuit court in chancery, under the law of 1875, is

given jurisdiction to take cognizance of the case, and, upon this admission by the demurrer, enjoin the defendant from taking toll. This is right and just, and interferes with no constitutional right or privilege of the defendant. The legislation of 1875 casts no additional burden upon the defendant. It only requires that the company shall not enjoy the benefits to be derived from the franchise until it shall perform some of the conditions upon which the franchise was granted. Under the charter of this defendant company it could claim no vested right in tolls until they had been earned. The bill shows those now sought to be collected have never been earned.

The decree of the circuit judge overruling the demurrer, I think, should be affirmed.