————o————

THE PEOPLE v. THE GRAND RAPIDS & WALKER PLANK ROAD COMPANY.

*Plank-road companies—Bill to restrain collection of toll—Decree —Costs—Repeal of statute by implication.*

1. A bill filed under Act No. 232, Laws of 1875, setting out the statutory requirements in making defendant's road, and averring its duty to perform them as precedent to the right to take toll, and its failure to so build and keep in repair said road, and that it exacts toll of persons passing over the road, which it threatens and will continue to do unless restrained by injunction, states a case for equitable relief under the statute.

2. Where a plank-road company failed to keep its gravel-road in repair, as required by law, and after the filing of a bill under Act No. 232, Laws of 1875, to enjoin it from exacting toll, placed its road in the required statutory condition,—

   *Held*, that a decree finding the aforesaid facts, and denying the injunction prayed for, should not be disturbed.

3. Act No. 232, Laws of 1875, is not repealed by How. Stat. § 1369, being section 5 of chap. 5 of Act. No. 243, Laws of 1881, by implication or otherwise.

4. The repeal of legislative enactments by *implication* is not favored by the courts.

5. Where the circuit judge has decreed the payment of costs by a defendant in an equity suit, though refusing the relief asked for in the bill by reason of the action of the defendant in removing the cause for complaint after its filing, the decree as to costs will not be interfered with.

Appeal from Kent. (Montgomery, J.) Argued June 8, 1887. Decided October 6, 1887.

Bill to enjoin the collection of toll by a plank-road company. Defendant appeals from a decree for costs, the main relief asked for being denied. Affirmed. The facts are stated in the opinion.

*Norris & Norris,* foor cmplainants.

*Maher & Felker,* for defendant.

SHERWOOD, J.  The bill in this case was filed to enjoin the defendant from taking toll upon its road.

The Legislature of 1851 passed an act providing for the formation of companies to construct plank-roads. How. Stat. §§ 3597-3646. By the provisions of this act, the grade cannot exceed one foot in twenty.

In 1867 the provisions of this act were extended to roads built of gravel, and it was enacted that on the gravel-roads built under the act the gravel should in all cases be not less than nine feet in width, and not less than seven inches in depth, and should in all cases be of sufficient depth to make at all seasons a good, firm, and hard road, and that the gravel-road companies should be subject to all the provisions and penalties in regard to keeping their roads in repair as provided in the act in relation to plank-roads. How. Stat. § 3647 (Laws of 1867, p. 66).

In 1875 a new section was added to the plank-road law, which provides:

"If the said company * * * shall have built, * * * or may hereafter build, any portion of their road of gravel, * * * they shall cause the said gravel, * * * of proper quality and quantity, to be placed upon the road, and kept in a uniform manner, of the width and depth required by law, and in case of default they shall forfeit the right to receive any toll upon such road; and the prosecuting attorney of the county, on complaint of the highway commissioner of any township in which any portion of the road defectively constructed or out of repair lies, may institute a suit in the circuit court of the same county, in chancery, to have such default judicially ascertained and

declared; and the said circuit court in chancery * * * shall have full jurisdiction of all cases arising under this act, to hear, try, and determine the same, upon bill * * * filed according to the usual course and practice of those courts." How. Stat. § 3649 (Laws of 1875, p. 286).

In 1877 a statute was passed containing the following provision, in *substance,* and was re-enacted in 1881:

That it shall be the duty of the highway commissioner of each township to see that all plank or gravel road companies maintain their roads in as good and safe condition as he is required to keep the public highways of his township; that, when such roads shall become defective, he shall serve a written notice upon an officer or agent of the company, describing the locality where such defect exists, and requiring the company to repair such defect within thirty days; and that, upon failure by the company to comply with the requirements of such notice, it should for every such offense be subject to a penalty of fifty dollars. How. Stat. § 1369; Laws. of 1877, p. 135; Laws of 1881, p. 306.

In 1877 the defendant company was organized with a capital stock of $25,000, and in that year, and the year following, built about seven miles of its road, all being in the township of Walker, in the county of Kent, and continued to operate the same down to the time of bringing this suit.

The bill sets out the statutory requirements in making the road, and avers the duty of defendant to perform them as precedent to the right to take toll; avers its failure to build and keep in repair the road, and that it takes toll, and exacts the same, of persons passing over the road, and threatens to continue, and will continue, to take toll, unless restrained from so doing. The prayer is for an injunction, and forfeiture of the right to take toll. The suit is instituted under the statute of 1875 above quoted.

The answer denied that there had been any neglect of its statutory duty in making and maintaining the road; denied that the defendant was exacting toll at the time of the filing of the bill; and avers that on account of its defective condition, by reason of the company's inability to get to the

gravel pits, at the time, to get the material to make repairs, the company had thrown open its gates, and had ceased to collect toll, until the necessary repairs to the road could be made, and that such was the situation at the time the bill was filed. The answer further claims the benefit of a demurrer to the bill.

Proofs were taken; upon which, and the pleadings, the cause was heard before Judge Montgomery, in the Kent circuit, who rendered a decree holding as follows:

"That prior to, at, and after the filing of the bill herein, the said defendant did not keep and maintain its gravel-roads, in the bill herein described, in good and complete repair, as required by law, and did not keep and maintain the gravel of which said road is constructed, seven inches in depth thereon, and did not keep said gravel of sufficient depth to make at all seasons a good, firm, and hard road, and did not keep and maintain said gravel of the width required by law, but so to do wholly made default.

"And it appearing to said court that since the filing of said bill the defendant has expended large sums of money in and about the repairing, regrading, and regraveling of its said road, and that said road is now in the condition required by law; therefore it is further ordered, adjudged, and decreed that the prayer in complainants' bill contained, praying that said defendant be enjoined from demanding, collecting, and receiving toll on its said road, be denied.

"And it is further ordered, adjudged, and decreed that complainants do recover of said defendant their costs, to be taxed, and have execution therefor."

The bill stated a cause for equitable relief under the statute, and the demurrer could not be maintained. The decree, we think, and findings therein contained, are fully supported by the proofs, and the decree should not be disturbed.

The point is made by counsel for the defendant that the law of 1875, so far as the same provides for suits of this character, is by implication repealed by section 5 of chap. 5 of Act No. 213, Laws of 1881.

Substantially the same provision is contained in Laws of 1871, p. 190, and Laws of 1877, p. 135.

We do not think the Legislature intended the repeal, by implication or otherwise, of the law of 1875 by the statute of 1881. The law of 1875 constitutes a part of the plank-road law of the State. The object to be accomplished by this law will be found in an early statute upon that subject (see Laws of 1855, § 2, p. 272; also 1 Comp. Laws 1857, p. 623), which was to prevent the collection of toll when the road was out of repair, or not constructed according to the provisions of the statute.

The legislation of 1877 and 1881 constitutes a part of the general highway law, and its object is " to protect travel on the public highways," and " for the security of persons and property on the highways." These objects are not the same, and we see no reason why both statutes may not be enforced against the defendant if it shall be guilty of the omissions and neglects and wrongful acts mentioned in the several statutes.[1]

Repealing legislative enactments by implication is not favored, and we see no occasion in this case for any such holding. *Breitung v. Lindauer,* 37 Mich. 217; *Brown v. McCormick,* 28 Id. 215; *In re Ryan,* 45 Id. 173; *Gordon v. People,* 44 Id. 486.

The record shows that, within the time from the filing of the bill to the date of hearing, the defendant expended a large amount of money in making repairs upon the road, and had caused it during that period to be placed in good condition for travel. Under such circumstances, no other decree than the one rendered could have been properly made, and the only question now is as to who ought to pay the expenses of the litigation.

This Court cannot know anything of the equities between the parties arising out of motives, or the object to be accomplished by either in the suit, other than what appears by the pleadings, whether worthy or not.

---

[1] See *Tripp v. Pontiac & Lapeer Plank Road Co.*, 66 Mich. 1.

The learned circuit judge directed that the costs be paid by the defendant; and in view of his superior knowledge of the circumstances which enter into the equitable consideration usually given to this subject, we do not feel at liberty to interfere with the decree he has made, and it will therefore be affirmed, with costs.

The other Justices concurred.