ALSAGER, Appellant, v. PETERSON, Respondent.

(141 N. W. 391.)

1. **Water and Water Courses—Injunction Against Drainage—Conditions at Time of Trial—Evidence.**

   In a suit to enjoin maintenance of a ditch conducting water into a slough partly on plaintiff's land, evidence of conditions in ditch and slough existing at time of trial was admissible.

2. **Injunction—Evidence of Conditions at Time of Trial.**

   In exercise of discretion in granting injunctional relief, the court's duty is to adjudge upon conditions existing at time of trial, as well as at time suit was brought.

3. **Same—Conditions, Change of, Between Time of Suit and Time of Trial—Final Relief.**

   In an injunction suit, conditions existing at time of trial, concerning further damage to plaintiff from continuance of present conditions, control in determining the right to final relief, although those existing at commencement of suit might have warranted a temporary injunction and judgment for costs in favor of plaintiff.

4. **Same—Present and Future Conditions—Grounds of Relief.**

   Relief, in an injunction suit, is dependent upon present and future conditions, rather than solely upon those existing when suit was brought.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Day County. Hon. FRANK Mc-NULTY, Judge.

Action by Peter J. Alsager against John P. Peterson, to enjoin continuance of a water ditch affecting plaintiff's land. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*Anderson & Waddell,* for Appellant.

As we view this evidence, taking it as a whole, the preponderance thereof shows that water was actually conveyed through the ditch, discharged from the end thereof, flowed on down the slope and was thence deposited on the lands of appellant. That the water thus thrown upon his lands was water which would not have gone there had it not been for the act of respondent in digging and maintaining said ditch. That said water was thrown on appellant's land in such quantities as to cause substantial damage.

That the slough actually went up during the time of the discharge of the water thereon. (See record pages 8 to 13 inclusive.) This evidence, we believe, is undisputed. Hence we say that a

substantial and actual damage occurred because of the act of the respondent.

The evidence further established the fact that these sloughs were but shallow basins or depressions, which at times of high water would hold water and at other times become dry.

That a land owner has no right to gather the surface waters on his land and by means of ditches cause them to flow upon the land where they would not otherwise go, see: Brandenberg v. Zeigler, 55 L. R. A. 414; Hoganon v. St. Paul M. & M. Ry. Co., (Minn.) 17 N. W. 74; Gregory v. Bush, (Mich.) 31 N. W. 90; Notes in 30 Am. & Eng. Enc. at page 337.

The evidence shows that the ditch is so constructed as to carry water from sag holes or depressions on respondent's land and deposit it upon appellant's land; that this occurs at times of high water, just when appellant's land is amply watered without being burdened by the waters from the land of respondent. This being the case, so long as that ditch is maintained by respondent, appellant's land will be subjected to overflows by the waters coming therefrom. No damages recovered for injury done thereby in the past can compensate for the injury which will be done by waters which will likewise flow through said ditch in the future.

If respondent be not restrained from maintaining this ditch, damage will result every time, that because of falling rains and melting snows the sagholes or sloughs on his land become so filled as to overflow through this ditch.

Under the evidence in this case there is not a mere fear of apprehension that injury will be done if no injunction is granted but there is a reasonable probability, if not a certainty, that damage will result from defendant's acts in the future as in the past and that the danger is a continuing one. The defendant has actually constructed the drainage ditch in such a manner as will cause it to convey the waters to and upon the lands of plaintiff and the fact that he may deny his intention to permit the water to flow upon plaintiff's land in the future is not a sufficient ground for denying the injunction. 22 Cyc. 758.

Where a structure has been put up and is being wrongfully maintained its maintenance may be prevented by injunction. Holmes v. Calhoun County et al, Ia., 66 N. W. 145; Troe v. Larson et al, Ia., 51 N. W. 179.

*H. H. Potter,* for Respondent.

The exhaustive researches of appellant's counsel do not seem to have discovered the case of Boll v. Ostroot, 127 N. W. 577. The main facts in that case were curiously like the facts in this case. But there it was conceded that the water drained by defendant, Ostroot, from his own slough, onto his own land, would and did flow down the slope into the pond or lake owned by Boll. Therein this case differs in a vital point. Here we deny that any water escaping from the ditch on defendant's land, ever did or would flow onto Alsager's land, and the trial court found as a fact that it did not so flow.

It was further conceded in that case, that it was the intent of defendant, Ostroot, to cause the water to so flow on he plaintiff's land and that he did so under a claim of right. In this case the evidence shows that no such intent or claim ever existed.

It further appears in that case that at the time of hearing the action for an injunction the water was draining off the defendant's land over on to the plaintiff's. In this case at the time of hearing there was no water anywhere on the premises of defendant, and therefore no need for the issuance of an injunction.

An injunction is a preventive remedy. Its province is not to afford a remedy for what is past, but to prevent future mischief. It is not used for the purpose of punishment or to compel persons to do right, but merely to prevent them from doing wrong. It is a general rule therefore, that rights already lost and wrongs already perpetrated cannot be corrected by injunction, and that the party aggrieved must look to some other remedy or redress. (16 Am. & Eng. Enc. Law 362.)

It is true that as a general rule the right of the parties to a suit are determined in accordance with the conditions existing at the commencement of the action, yet it is manifest that this rule cannot be applied to every case. When the act sought to be enjoined becomes impossible of performance the court will not do a vain thing by adjudging its non-performance.

In the case of Boll v. Ostroot, this court said that its jurisdiction to issue an injunction was founded on the fact that "the act complained of was necessarily to be a continuing act and trespass on the rights of plaintiff." In this case the element on which the court founded its jurisdiction in the Ostroot case is

wanting. It is impossible that there should be a continuance of the act complained of. There was no claim made on the trial that there would be or might be a recurrence of the condition existing when the case was commenced.

If plaintiff had desired to show that the slough on defendant's land, then dry, would again become filled with water, so as to again drain through the ditch, it was his right to so establish that fact as a probability. He did not seek to do so and this court, in the present condition of the record, can not consider such a contingency.

It appears from this record that the act sought to be enjoined was at the time of the trial impossible of performance, and would continue to be so.

Plaintiff has not, in his brief, claimed that such act was possible at the time of the trial nor is there anything in the record to show that it would ever again be possible to flow water through the ditch. But he claims that at the time of the commencement of this action the sloughs were full of water running, and that these conditions should be taken as a basis of the court's action.

The weakness of this position is apparent when we consider that the very foundation of the jurisdiction of the court is the continuing nature of the act sought to be enjoined. Boll v. Ostroot, supra.

In this case, the trespass, if any, was a past and completed act. It was not existing or continuing, nor could it be. Hence the court properly received evidence to show the non-existence, both present and future, of conditions making the act possible.

WHITING, P. J., Plaintiff and defendant owned farms which adjoined one another. Upon defendant's farm there were two or three low places, and, for the purpose of draining the water therefrom, he had dug a ditch which conducted the water through a rise of land into a slough partly on defendant's and partly on plaintiff's farm. Plaintiff brought this action seeking an injunction restraining defendant from continuing the maintenance of such ditch; plaintiff claiming that the same caused an unusual discharge of surface water upon his land, to its injury and his damage. It appears that trial was had before the court without a jury; that findings of fact and conclusions of law were made and entered in favor of defendant; that a judgment was entered there-

on; and that a motion for new trial was denied. Plaintiff has appealed from such judgment and from the order denying a new trial.

Appellant contends that the trial court erred in admitting evidence showing that the ditch and the slough upon his land were both dry at the time of the trial; and he also contends that the evidence was insufficient to support a finding made to the effect that, at the time of the trial and for several months prior thereto, there had been no water whatever in the sloughs or depressions on respondent's land and no water running through the ditch dug by respondent. An examination of appellant's brief reveals the fact that appellant's real contention is that the action should stand or fall upon the facts as they existed at the time it was brought, and that the condition existing at the time said action was brought was all that was material; that any finding as to the conditions existing at the time of trial was immaterial, even if there had been sufficient evidence to support such finding. There is nothing in the record, as presented to us, to show but what there were ample findings, supported by competent evidence, to support the denial of injunctional relief without regard to the evidence and finding complained of; for all that appears from appellant's brief, appellant may have failed to prove that the facts existing at the time suit was brought were such as, if continuing in nature, would have entitled him to relief asked.

[1] Appellant is clearly in error in his contention that the trial court had no right to receive evidence as to the condition existing at the time of the trial.

[2] The granting of injunctional relief rests within the discretion of the trial court, and, in the exercise of such discretion, it is not only authorized, but it is its duty, to determine, not merely whether a party was entitled to an injunction at the time he instituted his action, but whether, under the facts as they appear at the time of the trial, such relief should be granted.

[3] An injunction should only be granted where, under the facts proven, it appears reasonably certain that the granting thereof will protect the party seeking it from some injury that would result in his damage. It often happens that there is such a change in conditions between the commencement of an action and the time of trial as to present to the court a situation entirely different from

the one complained of.  It might well be that the accumulated water standing in a lake or pond, if discharged upon certain land, might cause great injury to such land and would fully justify a court in restraining such discharge of water, yet, if, pending a trial, such water should all be discharged upon such land, and the court, upon the trial, should find that in the future, owing to the conditions as they would apparently be, there would not be any further injury, such court would be fully justified in refusing an injunction, although it might be its duty to retain the case for the purpose of adjudging the amount of damages that had been suffered, or, at least, for the purpose of rendering judgment for costs against the wrongdoer.  In the case at bar, it may, for aught that the record shows, be that appellant established the fact that he was damaged by the discharge of the waters that had accumulated in the low places and were thrown upon his land when the ditch was opened up, and yet the court have been fully satisfied from the evidence that there could not be, under all the surrounding conditions, any further damage resulting from the direct discharge of surface waters where they were not given an opportunity to accumulate and be discharged in a large body.

As was well said by the Supreme Court of Iowa in the case of Redley v. Greiner et al., 117 Iowa, 679, 91 N. W. 1033: "A court of equity may be required by statute to issue an injunction when certain facts are proven; but, the purpose of the writ being to prevent the continuance of a nuisance or wrong, it is evident that, if it is clearly apparent to the court that there will not and cannot be a continuance thereof, it is entirely proper to refuse the writ."

[4]  That the relief which the court should grant is dependent upon present and future conditions rather than solely upon those existing when suit was brought is sustained by the following authorities: People v. Grand Rapids, etc., Co., 67 Mich. 5, 34 N. W. 250; Lewis v. North Kingstown, 16 R. I. 15, 11 Atl. 173, 27 Am. St. Rep. 724; Langmaid et al. v. Reed et al., 159 Mass. 409, 34 N. E. 593; Reynolds et al. v. Everett et al., 144 N. Y. 189, 39 N. E. 72.  The principle underlying these cases was recognized by this court in the case of C. M. & St. P. Ry. Co., v. Commissioners, etc., 28 S. D. 471, 134 N. W. 46.

The record upon appeal presenting no reversible error, the judgment and order appealed from are affirmed.