LAS MONJAS RACING CORPORATION, ETC., Plaintiff and Appellee, *v.* INSULAR RACING COMMISSION ET AL., Defendants and Appellants.

No. 7726.   Argued June 18, 1940.—Decided October 24, 1940.

*Diego O. Marrero* for appellants. *Leopoldo Feliú* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Las Monjas Racing Corporation brought this suit to restrain respondents from the enforcement of a certain resolution, from forbidding the sale of tickets to a certain subscription fund, and from interfering with the sale of such tickets. Respondents appeal from an adverse judgment.

■■ The first assignment is that the district court erred in not sustaining a motion to dismiss the petition on the ground that respondents had passed another resolution, repealing the first.

As pointed out by petitioner in opposition to this motion, respondents did not admit any want of authority or power to pass the original resolution. Hence, the repeal of that resolution gave no assurance that respondents would not re-assert at any time in the future their alleged right to prohibit the sale of tickets for a subscription fund or to interfere with the sale of such tickets.

Appellants rely on: 32 C. J. 75, 76, section 61; *Hallenborg* v. *Cobre Grande Copper Co.,* 74 Pac. 1032; 32 C. J. 76, 77, section 63; *Continental Securities Co.* v. *Interborough R. T. Co.,* 207 Fed. 476; *Alsager* v. *Peterson,* 141 N. W. 391, Ann. Cases 1915 D. 1253; *People* v. *Grand Rapids & W. Plankroad Co.,* 34 N. W. 250; *Kerr et al.* v. *Riddle et al.,* 31 S. W. 328; *Reyes* v. *Las Monjas Racing Corporation,* 40 P.R.R. 874, and *Lewis Publishing Co.* v. *Frank Wyman,* 228 U.S. 610.

The facts in some of these cases bring them within the general rule stated in 28 Am. Jur. 201, section 8, as follows:

"It frequently happens that, pending suits for injunctive relief, changes take place in the conditions which give rise to the litigation, and the question is thus presented whether the suit should stand or fall upon the facts as they existed at the time it was brought, so as to exclude all consideration of subsequent changes or abandonment of the acts complained of. Generally speaking, it is the condition of things at the time of the hearing of the suit, rather than that existing at its commencement, which is material, and which furnishes the basis for relief. The court is not only authorized, but it is its duty, to determine not merely whether the plaintiff was entitled to an injunction at the time he began the suit, but whether the facts as they appear at the time of the hearing warrant such relief, and it may refuse to grant an injunction where, since the commencement of the suit, conditions have so changed as to render an injunction useless and of no effect if granted."

As pointed out in the same text, however:

"This does not mean that the court should deny injunctive relief in every case of material change in conditions or abandonment of the acts complained of, for circumstances may still exist which, even in the face of such a situation, would justify the issuance of injunction as a matter of sound judicial discretion."

See also *Roberts* v. *City of Louisville,* 17 S. W. 216; *Sawyer* v. *Botti,* 27 L. R. A. (N.S.) 1007; *United States* v. *Workingmen's Amalgamated Council of New Orleans et al.,* 54 Fed. 994; *Majonica Telephone Co.* v. *Rogers,* 43 Ind. App. 306; *Coshen Mfg. Co.* v. *Hubert A. Myers Mfg. Co., et al.,* 242 U. S. 202.

The instant case, we think, comes within the exception to the general rule, and we find no abuse of discretion.

The second assignment is that the district court erred in holding that under the provisions of section 261 of the Regulations of the Insular Racing Commission it could not adopt the resolution complained of merely because the evidence did not show an established custom.

The only authorities cited in support of this contention are: Section 5 of the Racing Act (No. 11 of 1932, p. 194), as amended by Act No. 17, approved July 15, 1935 (Special Session Laws, p. 92); *Huffman* v. *State Roads Commission*, 137 Atl. 358, 365, cited in 59 C. J. 112, section 118, note 62 (*b*); *State Racing Commission* v. *Latonia*, 25 L.R.A. (N.S.) 913, and *Douglas Park Jockey Club* v. *Talbot*, 191 S. W. 474.

Respondents—said the district judge in disposing of the case—had admitted that there was nothing in the law nor in the regulations upon which a decision in the instant case could be based but invoked No. 261 of the Regulations which provides that any unforeseen case should be governed by general racing custom and usage. The authorities cited by respondents—said the court—were not applicable. Since there had been no evidence as to custom or usage—the court went on to say—the case would have to be decided adversely to the contention of respondents. Thus, it would seem that the error, if any, was invited by respondents. In any event, the brief for respondents fails to satisfy us that the district court erred as alleged in the second assignment.

The third assignment is that the court erred in issuing an injunction when the facts stated in the petition did not constitute a cause of action.

The argument is that section 21 of Act 21 of 1925 (Session Laws, p. 146) expressly authorized the suspension of any order or resolution of the Insular Racing Commission which might violate constitutional or statutory rights, but this provision was eliminated from the laws of 1927 and 1932. The conclusion is that petitioner must allege and prove irreparable injury.

Petitioner alleged that:

If the resolution should continue in force and if petitioner were compelled to comply therewith, the sale of tickets would be indefinitely discontinued, petitioner's business would be demoralized as far as the sale of such tickets was concerned, and petitioner would

be deprived of a considerable sum of money, which by statutory provision it was entitled to receive from the said fund, the amount of which it was impossible to fix or determine even approximately at the time or at any time prior to the drawing and award of the said fund. Petitioner's business would be discredited and petitioner was without any remedy in the ordinary course of procedure.

The gist of the uncontradicted testimony for petitioner was that:

All of the subscription fund tickets had been distributed for sale. A large number had been sold. Tickets to the amount of some $2,000 had been registered when the order of suspension was received. Many of those which remained in the hands of the sellers had been sold, but the amount of such sale had not been received by the corporation because the tickets had not been presented for registration. Those which were presented could not be registered because the Commission had made a note of the registered numbers and had forbidden further registration as well as further sales and receipts. As a result of the resolution, the corporation registered only some 2,000 tickets. In the case of previous subscription funds more than 45,000 tickets had been registered. The difference represented by unregistered tickets could never be received by the corporation because they had no value. They were lost. If the sale had been permitted, the corporation (which had a certain percentage in the amount of the subscription fund) would have participated in a total of 25,000 or more tickets. The money of those who had purchased tickets, whether registered or not, was tied up. The public expected that this money would be returned. Petitioner had received innumerable requests for such returns. Petitioner could not return the money because it was in the bank and could not be withdrawn except on the signature of the president of the Racing Commission, as well as that of the president of the corporation. The result was that, in the event of another subscription fund, where 45,000 or 50,000 tickets had been previously sold, only half as many could now be sold because the public does not like it, and is not disposed to play at a game which is exposed to such hazards.

The tickets had been on sale some fifteen days. The vendors who sold them received the money. Later they came to register the tickets and, after registration, paid for them; but the purchaser paid his money to the vendor long before registration. The vendors had sold thousands of those tickets but the whereabouts of the money

was unknown. Petitioner was continuously receiving letters requesting the return of money paid for tickets which had not been registered. The corporation would have had all that money and the tickets would have been registered,—but petitioner had been obliged to refuse registration when requested by the vendors. Petitioner told them that the Commission had suspended the sale of tickets, had taken a list of the tickets already registered, and had forbidden further registration.

We cannot agree with appellants that the district court erred as alleged in the third assignment.

We find no abuse of discretion in the award of costs including attorney's fees.

The decree appealed from must be affirmed.