ERICKSEN, Appellant, v. JOHN MORRELL & CO., et al,
Respondents

(14 N. W.2d, 88.)

(File No. 8530.   Opinion filed April 7, 1944.)
Rehearing Denied August 7, 1944.

**Parliman & Parliman, Danforth & Danforth** and **Raymond E. Dana,** all of Sioux Falls, for Appellant.

**Roy D. Burns** and **Claude A. Hamilton,** both of Sioux Falls, for Respondent City of Sioux Falls.

**Boyce, Warren, & Fairbank** and **John S. Murphy,** all of Sioux Falls, for Respondents John Morrell & Co., Sioux Falls Rendering Co., and Sioux Falls Serum Co.

VAN BUREN PERRY, Circuit Judge.   This action is brought by the plaintiff as a riparian owner against the City of Sioux Falls, John Morrell & Company, the Sioux Falls Rendering Company and the Sioux Falls Serum Company to recover alleged damages for the pollution of the waters of

the Big Sioux River, and for an injunction restraining further pollution. Judgment for the defendants below.

The City of Sioux Falls is located on the Big Sioux River. The City has for many years had a sewer system and sewage disposal plant, the effluent of which is emptied into the river. John Morrell & Company, Sioux Falls Rendering Company and Sioux Falls Serum Company are industrial concerns located in said City, and such industrial sewage as they produce is emptied into the City sewers. In the winter of 1938-1939 the City engaged a firm of sanitary engineers to survey and report on improvements and betterments in the disposal plant. These repairs were commenced in November, 1939 and were completed in August 1940. While these repairs and additions were being made the disposal plant did not operate at full efficiency and.the effluent discharged from the plant into the river caused a certain amount of pollution in the river. Since August 1940 the plant has operated with reasonable efficiency and has kept the river reasonably free from pollution. Such pollution as existed between November 1939 and August 1940 was temporary and not permanent.

On June 22, 1939, the plaintiff, who then and at all times since has resided in the City of Sioux Falls, purchased a farm on the banks of the river for the sum of $12,800. The farm has at all times been operated by a tenant. In December 1939, a month following the commencement of repairs and pollution, the plaintiff commenced this action for damages and injunction against further pollution. The original demand for damages was for $15,000 but by amendment this was reduced to $11,325, itemized to include $5,000 for alleged diminished value of the land and $6,325 for alleged inconvenience to the plaintiff and his tenant, for estimated cost of removing sludge and alleged reduced rental value. The trial was concluded in February, 1941, and resulted in judgment for the defendants from which the plaintiff appeals.

The trial court found, in addition to the facts above stated, that the fair market value of the plaintiff's farm was not diminished since its purchase, that the rental value had not been diminished and that the plaintiff had suffered no damage. The record amply sustains the trial court.

Had the facts which existed at the time of the commencement of the action continued until the time of judgment below, injunction would no doubt have issued against a continuance of the pollution. The pollution, however, was discontinued before judgment and the case therefore falls squarely within the facts and the rule laid down in Alsager v. Peterson, 31 S. D. 452, 141 N. W. 391, 392. In that case we said: "The granting of injunctional relief rests within the discretion of the trial court, and, in the exercise of such discretion, it is not only authorized, but it is its duty, to determine, not merely whether a party was entitled to an injunction at the time he instituted his action, but whether, under the facts as they appear at the time of the trial, such relief should be granted. An injunction should only be granted where, under the facts proven, it appears reasonably certain that the granting thereof will protect the party seeking it from some injury that would result in his damage. It often happens that there is such a change in conditions between the commencement of an action and the time of trial as to present to the court a situation entirely different from the one complained of."

The judgment below is confirmed.

All the Judges concur.

POLLEY, J., not sitting.

VAN BUREN PERRY, Circuit Judge sitting for POLLEY, J.