WEITZEL et al., Respondents v. FELKER et al., Appellants

(76 N.W.2d 225)

(File No. 9534. Opinion filed April 10, 1956)

**I. F. Bormann,** Mobridge, **W. M. Potts,** Mobridge, for Defendants-Appellants.

**R. W. Tschetter,** McLaughlin, **Frederick Homeyer,** Selby, for Plaintiffs-Respondents.

RUDOLPH, J.   Plaintiffs brought this action against the defendants seeking to impress a constructive trust upon certain real property, the record title to which is in the name of the defendants.   The plaintiffs also asked that title to the property be determined to be in plaintiffs and defendants and it being impossible to equitably partition said real estate in kind among the owners that the property be sold and the net proceeds therefrom divided among them.

The trial court determined that a trust exists, that defendants hold the property in trust for all of the parties, both plaintiffs and defendants, that plaintiffs are interested therein to the extent of an undivided one-eleventh each and the two defendants an undivided three-elevenths, and ordered a sale.

The facts disclose that George Weitzel was the owner of the land in his lifetime and died in 1947.   Prior to his death he had recorded a deed to this land wherein the two defendants were named as grantees.   However, as stated above, the court determined that these two defendants simply held

the legal title to the land and the equitable title was held by both plaintiffs and defendants, who are children of George Weitzel, in the proportions set out above.

George Weitzel had eleven children. Only ten of them are parties to this proceeding. As disclosed by the record one son, George Weitzel, Jr., is still living and not a party to this proceeding. Conrad Weitzel, one of the sons, testified as follows:

> "Q. Do you know that your brother George claims to have an interest or title to this land?
>
> "A. I don't know what he claims but he has no claim on the land.
>
> "Q. He is an heir and a son of your father?
>
> "A. I know but you must understand he owed Dad $700.00 and he give him a note and he never paid for it."

█ We believe the son George is an indispensable party to this proceeding and that a court cannot proceed to a decree in his absence.

█ There are three classes of parties to an action in equity: "Formal parties," who may be omitted at the option of complainant; "necessary parties," who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence; and "indispensable parties," whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity. Shields v. Barrow, 17 How. 129, 130, 58 U. S. 129, 130, 15 L.Ed. 158; State of Washington v. United States, 9 Cir., 87 F.2d 421; State of California v. Southern Pacific Co., 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683; State of Minnesota v. Northern Securites Co., 184 U.S. 199, 22 S.Ct. 308, 46 L.Ed. 499.

It should be kept in mind that the decree in this case was entered under the provisions of SDC 37.14 relating to the partition of real estate. SDC 37.1406 provides that the summons must be directed to all the joint tenants and tenants in common. SDC 37.1409 provides that title may be determined in a partition action. George Jr. was not made

a party and was not in court to assert any of his rights in this land and certainly a decree of partition or sale would cast a cloud upon any right he has in the land.

George Jr. not being a party to the litigation has the right to institute original proceeding for the purpose of ascertaining and obtaining his share. Such proceeding might bring about another division of the property and perhaps a sale thereof to the embarrassment and perhaps the prejudice of the parties to this proceeding and the purchaser at a sale held under the judgment in this proceeding.

██ The general rule as stated in 68 C.J.S., Partition, § 73 is as follows:

"In proceedings for partition, whether at law or in equity, all of the cotenants are indispensable parties, and such of them as do not join as plaintiffs must be made defendants. The rule applies with equal force where the object of the suit is to obtain other relief in addition to partition, as for instance, where the suit is for partition and an accounting, or where, in addition to partition, cancellation of a deed of the premises sought to be partitioned is asked. * * *

"If the rule requiring all the cotenants to be made parties is not complied with, any judgment or decree rendered in the proceedings is void as to the cotenants not made parties for the obvious reason that the court has acquired no jurisdiction over the person as to them, and that they have had no opportunity to be heard; and it is void also as to the parties to the suit because of the impossibility of making a binding decree without having all parties who own an interest in the land to be affected by it before the court."

A case in many respects similar to this case now before us is the case of Stewart v. Miller, Tex.Civ.App., 271 S.W. 311, 319. That case was an action brought to cancel deeds and decree of partition of land. Certain heirs who it was alleged had received advancements which precluded them from participating in a division of the land of deceased were held to be indispensable parties to the proceeding. The court said:

"Said last-named parties were, by virtue of their alleged heirship, prima facie interested in such

cancellation. Whether they had received advancements which would preclude them from participating in the division of the land, as alleged by plaintiffs, was an issuable fact which might on the hearing be determined one way or the other. At any rate, their heirship constituted such an apparent interest in the land and cloud on the title thereto of the other heirs of Mrs. Miller as required them to be parties to the partition of said land, whether finally allotted a part thereof or not."

We believe the record discloses without dispute that George Jr., being an heir of George Sr., had an apparent interest in this land, and that he is an indispensable party to this partition proceeding, it follows that the judgment entered in the action is void not only as to George Jr. but also as to the parties plaintiff and defendant.

The judgment appealed from is reversed.

All the Judges concur.