Milen MIILLER and Sylvia Miiller and Dwight Younie and Maxine Younie, Plaintiffs and Appellees,

v.

COUNTY OF DAVISON and Donald Herrick, Defendants and Appellants,

v.

CITY OF MITCHELL, Defendant and Appellant.

Nos. 16624, 16637.

Supreme Court of South Dakota.

Argued Nov. 27, 1989.

Decided Feb. 21, 1990.

Charles "Rick" Johnson of Johnson, Eklund & Davis, Gregory, for appellees, Milen and Sylvia Miiller and Dwight and Maxine Younie.

Douglas N. Papendick, Davison County States Atty., for appellants, Davison County and Donald Herrick.

Carl J. Koch, Mitchell, for appellant, City of Mitchell.

HEEGE, Circuit Judge.

Dwight Younie (Younie) and Milen Miiller (Miiller) sought injunctive relief and damages for flooding in 1984 and 1987. Trial of the equitable issues culminated in an order permanently enjoining Davison County, the City of Mitchell, and Donald Herrick, the civil defense director (collectively defendants) "from utilizing any tiles, drainage ditches or canals of any kind to effect drainage of unusual or unnatural quantities of water from the sloughs ... upon the property of the plaintiffs herein." We affirm that part of the order referring to drainage ditches and canals, but reverse that part referring to the drainage tile and remand with directions to the circuit court to enter an order as specified in this opinion.

## FACTS

The undisputed facts are:

The east one-half of section 29, township 103, range 60 lying north of Interstate 90 forms the western border of the City of Mitchell, Davison County, South Dakota. A large part of the east one-half of section 29 is a slough. The slough contains two low areas identified as the northern and southern parts of the slough. There is a natural land barrier or "collar" between the two low areas which prevents water from transferring until the water reaches a certain height.

Younie owns and farms the southwest quarter of section 29, which is divided into two parts by Interstate 90.

Miiller owns and farms the north half of section 32, which lies immediately south of section 29.

At a place on the Miiller farm, about one-half mile south of Interstate 90, is Kibbee's ditch which runs east and west and

drains surface waters from the north toward the James River.

There is a well-defined natural drainageway starting at about the center of section 29 and running generally in a southern direction across the Younie and Miiller properties and emptying into Kibbee's ditch.

An eight inch drain tile was installed in the early 1900s leading from the northern part of the slough to the southwest toward the natural drainageway on the Younie property. The drain tile was designed to drain excess surface water from the northern part of the slough and across the Younie and Miiller properties ultimately into Kibbee's ditch.

The drain tile apparently served its purpose of diverting water from the northern slough across the Younie and Miiller properties and into Kibbee's ditch until the 1960s, when Younie and Miiller's predecessors in interest attempted to block the tile. In 1984, Miiller destroyed the drain tile and it no longer functioned to drain water from the northern part of the slough.

The southern part of the slough (which lies immediately north of Interstate 90) was formerly drained by a drain tile which was destroyed in 1962 by the construction of the interstate highway.

In 1984 and again in 1987 there was a substantial accumulation of surface water in the slough. In an effort to protect motels, a mobile home park, and a building center constructed within the confines of the east half of section 29, Davison County dug ditches, broke the collar on the northern part of the slough and permitted the accumulated water to flow to the south, then along the interstate right-of-way, through a culvert and onto the Younie and Miiller properties. Here the water remained for an extended period and rendered a portion of the land untillable for the 1984 and 1987 crop seasons.

1. THERE IS A PRESCRIPTIVE EASEMENT FOR THE DRAIN TILE.

SDCL 46A–10A–67 provides that a drainage easement may be acquired if a drainage ditch has existed for at least twenty consecutive years.* An easement by prescription is created when the use of the land has been adverse to the owner, continuous, and uninterrupted for the statutory period. *Kougl v. Curry*, 73 S.D. 427, 44 N.W.2d 114 (S.D.1950); *see also* Annotation, *Surface Waters—Drainage*, 22 A.L.R.2d 1047 (1952).

The drain tile from the northern part of the slough has been in place and used as a means to drain surface waters from the northern part of the slough for substantially more than twenty years. Drainage has been continuous except as limited by plaintiffs' and their predecessors' attempts to block or destroy the tile. It follows that the use has been adverse to the plaintiffs (owners). An easement by prescription has therefore been established.

2. MIILLER WRONGFULLY DESTROYED THE DRAIN TILE.

There is an equitable maxim that "he who comes into equity must come with clean hands." *Precision Instrument Manufacturing Company v. Automotive Maintenance Machinery Company*, 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). This doctrine demands that the party seeking equity must have acted fairly and in good faith as to the controversy in issue. *Id.* If a party does not come into equity court with clean hands, the court can refuse to assist that party. *Id.*

Miiller's destruction of the drain tile in 1984 and 1987 was done under the cover of night and contrary to the rights of others to have the drain tile perform the function for which it was designed: to drain the surface waters from the northern slough.

* SDCL 46A–10A–67 states:
    An easement for a drainage right may be acquired by an existence of a drainage ditch for a period of at least twenty consecutive years, by purchase or grant of easement from the owner of land through which the ditch will pass, or by condemnation under the provisions of this chapter and chapter 46A–11.

Younie and Miiller do not come before the court with clean hands with their request that defendants be enjoined from using, repairing or replacing the drain tile. The court will not provide relief to the defendants on this issue.

3. THE DEFENDANTS WERE PROPERLY ENJOINED FROM USING DITCHES, CANALS OR BREAKING THE COLLAR SURROUNDING THE NORTHERN PART OF THE SLOUGH.

■ Davison County's actions of breaking the collar around the northern part of the slough, ditching the water to the right-of-way of the interstate, and casting unusual and unnatural quantities of water on Younie and Miiller's lands, are clearly prohibited by drainage law and our decisions. *See, e.g., Winterton v. Elverson,* 389 N.W.2d 633 (S.D.1986); *Feistner v. Swenson,* 368 N.W.2d 621 (S.D.1985); *Thompson v. Andrews,* 39 S.D. 477, 165 N.W. 9 (1917).

This court has held that injunctive relief may be an appropriate remedy for injury suffered by unlawful flooding. *Gross v. Conn. Mutual Life Ins. Co.,* 361 N.W.2d 259 (S.D.1985). The court has also held that an injunction should only be granted if it will "protect the party seeking it from some injury that would result in his damage." *Alsager v. Peterson,* 31 S.D. 452, 456, 141 N.W. 391, 392 (1913). The actions of Davison County clearly entitle Younie and Miiller to injunctive relief concerning the utilization of drainage ditches, canals, and from cutting the collar surrounding the sloughs. We express no opinion on whether Davison County is liable to the plaintiffs for damages.

4. THE CITY IS A PROPER PARTY IN THIS ACTION.

■ In *Weitzel v. Felker,* 76 S.D. 216, 218, 76 N.W.2d 225, 226 (1956), this court stated:

There are three classes of parties to an action in equity: "Formal parties," who may be omitted at the option of complainant; "necessary parties," who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence; and "indispensable parties," whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity. (citations omitted).

The slough from which the flood water emanates is entirely within the corporate limits of the City of Mitchell. The city issued building permits and controls the zoning with respect to the structures, including two motel properties, a mobile home park and a building center located within the east half of section 29 where the slough lies. We hold that the city is a proper and necessary party in interest and was subject to injunction in this case.

5. FORM OF ORDER.

The circuit court is directed to enter an order stating that the drainage tile running from the northern part of the slough is a legal drainage tile, for which there is an easement by prescription. This order shall also provide that defendants, or any of them, may repair the drain tile, or replace it with one of the same size to effect drainage of surface waters from the northern slough into the natural drainageway across Younie and Miiller's properties and into Kibbee's ditch.

At the time that the drainage tile is repaired or replaced, the circuit court should enter a further order, enjoining defendants, "from cutting the collar between the low areas of the northern and southern sloughs or from utilizing any drainage ditches or canals in the east half of section 29 in order to effect drainage of any quantity of water from the sloughs and casting such water upon the property of plaintiffs herein." This latter order to supersede that portion of the circuit court's judgment which is affirmed by this decision.

MORGAN, HENDERSON and MILLER, JJ., concur.

SABERS, J., concurs in part and dissents in part.

HEEGE, Circuit Judge, for WUEST, C.J., disqualified.

SABERS, Justice (concurring in part and dissenting in part).

I agree that:

1. The city is a proper party in this action,
2. There is a prescriptive easement for the drain tile,
3. Miiller wrongfully destroyed the drain tile, and
4. The county is entitled to repair or replace the drain tile to the northern slough,

but, I do not agree on the status of this record, that an injunction should issue to prevent the county from draining the northern slough into the southern slough. "[T]he right to an injunction must be established with reasonable certainty." *Gross v. Connecticut Mut. Life Ins. Co.*, 361 N.W.2d 259, 265 (S.D.1985). If the county's actions were necessary to remedy or undo the harm caused by Miiller's wrongfully breaking the drain tile, no injunction should issue. The record in this respect is simply undeveloped and inadequate, making the right to an injunction not reasonably certain. A permanent injunction should issue only when a party has shown that he would "be injured or deprived of some lawful right without the aid of such injunction[.]" *Id.* (quoting *State ex rel. Gray v. Olsen*, 30 S.D. 57, 71, 137 N.W. 561, 562 (1912)).

Here, the permanent injunction would not even come into existence until after the county repaired or replaced the drain tile to the northern slough. As a result, there is no urgent need for the injunction. In addition, Miiller has not clearly established that he has a lawful right to prevent the county from draining the northern slough into the southern slough.

Therefore, I would reverse and remand to the trial court for the purpose of determining whether the county's actions were justified to remedy the harm caused by Miiller's wrongful conduct.