MISHLER, Respondent, v. PETERSON, Appellant.

(166 N. W. 640.)

(File No. 4256.    Opinion filed March 8, 1918.)

**Drainage—Natural Drainage Basin as Water Course—Acceleration of Flow by Tiling—Liability to Servient Owner—Easement re Dominate Estate—Relative Rights Defined.**

Where a county tiled drainage ditch had been constructed, connecting a slough on plaintiff's land with a natural waterway to westward, with which slough a natural swale on plaintiff's land adjoining to eastward was connected by natural drainage, held, in a suit by plaintiff to enjoin defendant from construct-

ing a tiled ditch to connect several natural water basins on his land with said swale, there being a natural flow from said ponds toward the swale in times of overflow, such injunction will not lie; that while a land owner cannot lawfully divert from one natural water-shed to another by cutting through a natural ridge or other barrier separating two water-sheds, thereby causing water to flow in a direction or over lands over which it would not have otherwise gone, yet he may, in exercise of good husbandry, by means of proper open or tiled drainage entirely upon his land accelerate the flow of surface waters in their natural course without being liable for damages to, or subject to injunction therefrom by the owner of a servient estate, where such waters are not gathered and cast thereon in unusual or unnatural quantities; that in such case the servient estate is burdened with the easement of caring for all surface waters accumulating from the upper or dominate estate; following Thompson v. Andrews, 39 S. D. 477, 165 N. W. 9.

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by George Mishler, against Peter C. Peterson, to restrain defendant from constructing certain tiled ditches. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed with direction to dismiss action.

*Henry Robertson,* for Appellant.

*Baldwin & Lyons,* and *Caldwell & Caldwell,* for Respondent.

Appellant cited: Alsaker v. Peterson, (S. D.) 141 N. W. 391; XVI Am. & Eng. Enc. Law, 2nd Ed. 360, 363; Steiner v. Steiner, 150 N. W. R. 205; Aldritt v. Fleischauer, 70 L. R. A. 301, 103 N. W. R. 1087; Lamb v. Stone, 161 N. W. R. 909; Pascal v. Donahue, 152 N. W. R. 605; Quinn v. C. M. & St. P. Ry. Co., 120 N. W. R. 886; Anderson v. Drake, (S. D.) 123 N. W. R. 673; Laws 1907, Ch. 134, Sec. 22; Laws 1909, Ch. 102.

Respondent cited: Anderson v. Drake, 24 S. D. 216; Butler v. Peck, 16 Ohio St. 336; Boll v. Ostroot, 25, S. D. 513; 40 Cyc. 645.

McCOY, J. Action to restrain defendant from constructing certain tile ditches. Findings and judgment were in favor of plaintiff, and defendant appeals.

From the stipulated facts agreed to by the parties it in sub-

stance appears that plaintiff is the owner of the southeast quarter of section 3, and defendant is the owner of the southwest quarter of section 2. On the southwest quarter of section 2, owned by defendant, are four small natural surface water basins or ponds altogether containing about 10 acres. In wet seasons surface waters collect in these ponds to a depth of about three feet. All these ponds are on cultivated lands. On the lands where these ponds are situated there is a natural downward slope to the northward, so that when these ponds overflow their rims the waters therefrom naturaly flow to the northward and into a natural swale or depression farther north on defendant's land. There are no natural depressions in the rims of these ponds or on the surface of the land connecting them with a deeper natural depression farther northward. Across the north end of defendant's land, the southwest quarter of section 2, is a natural swale or depression which slopes downward to the westward and across the land of plaintiff connecting with a large slough of about 80 acres, a part of which slough is on the west edge of the said land owned by plaintiff. This natural depression as it crosses plaintiff's land is about 4 rods wide (the width of a highway) with well-defined banks several feet high on either side, but which banks are not so abrupt as to prevent cultivation over and across said depression. The large slough, into which this natural depression empties, has no natural surface outlet, so that in wet seasons the same contains water a greater part of the year. In dry seasons the large slough is cultivated to crops. In 1910, and long prior to the beginning of this action, a tile drainage ditch was constructed by the county on the assessment plan connecting said large slough with a natural waterway about a mile farther westward. Defendant is now contemplating and attempting to construct a tile ditch from the said four surface water basins or ponds on his land into the natural depression or swale farther north, but all on his own land.

[I, 2] As will be observed from this statement of fact, the ponds on defendant's lands are in the same watershed or natural drainage basin as is the natural swale or depression across plaintiff's land and said slough. This swale or depression crossing defendant's land is a natural water course, as much so as if it emptied directly into the ocean, Lake Michigan, or some other

smaller natural body of water. Nature intended that depression as the outlet for the surface waters that should gather in that part of said watershed to the east of plaintiff into said slough. A landowner cannot lawfuly divert water from one natural watershed into another by cutting through a natural ridge or other natural barrier separating two distinct watersheds, and thereby cause water to flow in a direction or upon or over lands upon which it would not otherwise have gone, as was the case in Boll v. Ostroot, 25 S. D. 513, 127 N. W. 577. A landowner, in the exercise of good husbandry, by means of proper open or tile drainage ditches entirely upon his own land, may accelerate the flow of surface waters in their natural course, or watershed, without being liable for damages, or subject to the restraining orders of the courts, where such waters are not gathered in unusual or unnatural quantities and cast upon the lands of another; in such case the lower or servient estate is burdened with the easement of caring for all surface waters coming from the upper or dominant estate. Thompson v. Andrews, 165 N. W. 9. The decision in that case is applicable and controlling in the case at bar. A portion of plaintiff's land was also burdened by nature with a large slough into which the natural water course in question in this case emptied. So far as the legal rights of the parties are concerned, the tiling from the large slough westward is not material to the issues presented.

The judgment and order appealed from are reversed, with directions to enter judgment dismissing plaintiff's cause of action upon the merits.