VENNER, Appellant, v. OLSON et al, Respondent.

(168 N. W. 740).

(File No. 4361. Opinion filed Sept. 3, 1918.).

**Water and Water Courses—Lake Drainage, Through Watershed Into Different Drainage Course, Whether Permissable—Statute—Former Decisions Commented On.**

Land partly covered by a meandered lake constituting a natural drainage basin, may not, under Laws 1909, Ch. 102, Sec. 11, providing for drainage "in the general course of natural drainage," by constructing drains discharging into a natural water course, etc., be drained through a natural barrier and into another natural drainage course on owner's land, thereby flooding another's land; the evidence showing that water never flowed from the lake in the direction of said drainage; such owner's only method of draining the lake being under the Drainage Law. Thompson v. Andrews, 39 S. D. 477; Anderson v. Drake, 24 S. D. 216; Ball v. Ostroot, 25 S. D. 513, commented on.

Appeal from Circuit Court, Lake County. HON. LOUIS L. FLEEGER, Judge.

Action by P. M. Venner, against Peter Olson and another, to enjoin maintenance of defendants' tile drain, and for damages. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed, with directions.

*Ira F. Blewitt,* for Appellant.

*D. D. Holdridge & Son,* and *Farmer & Farmer,* for Respondents.

Appellant cited:

Boll vs. Ostroot, 25 S. D. 513; Kaufmann vs. Lenker, 146 N. W. 823.

Respondent cited:

Thompson vs. Andrews, (S. D.) 165 N. W. Rep., 9.

GATES, J. Action to enjoin the maintenance of a tile drain and for damages resulting therefrom. Plaintiff owns 320 acres of land in section 23—105—53. Defendants own fractional east half of section 14 on which, and on west half of fractional section 13, is a meandered lake called Wooley Lake. The trial court found:

"That there is a natural barrier or ridge on the south of said Wooley Lake, so that, so far as the record discloses, no water has overflowed from said lake at any time."

The evidence tended to show without dispute that the bottom of the lake was comparatively level; that the bank on the south and west was from 8.4 feet to 15 feet or more above the lake bed; that at the northeast side the bank was broken by a valley entering from the north; and that the lake was a drainage basin for about two sections of land. The attached map discloses the situation. (p. 587).

In the year 1912 defendants, acting in accordance with their idea of the effect of section 11, c. 102, Laws 1909, constructed a tile drain wholly on their own land through Wooley Lake and also approximately along the line A B. The engineer testified:

"The level at the lowest point in the outlet where the tile closes shown as the point marked 'A,' there was no indication of any depression or well-defined bank or channel of the water course across this level, it was high, dry, smooth upland," and that the point "B" was approximately eight feet below the level of the lake bed.

The shaded portions south of the section line between sections 14 and 23, aggregating according to the testimony of the engineer 33.1 acres, are claimed by plaintiff to be damaged by the construction of the tile drain and to be unfit for cultivation. The trial court found that the wet condition of plaintiff's land was due largely to other causes than the tile drain, contrary we think to the clear preponderance of the evidence, and concluded that defendants were entitled to maintain the tile drain, and that plaintiff was not entitled to the injunction prayed for nor to damages. From the judgment and order denying a new trial, plaintiff appeals.

It is evident that the learned trial court has misconceived the purport of the opinion of this court in Thompson v. Andrews, 39

S. D. 477, 165 N. W. 9. In the concluding paragraph of that opinion we said:

"Provided, also, that the surface waters of one natural watershed or basin may not, by means of the cutting or removal of natural barriers, be cast into or upon lower lands lying in another and different natural drainage course or basin."

The decision in that case in no manner overruled the decisions in Anderson v. Drake, 24 S. D. 216, 123 N. W. 673, 27 L. R. A. (N. S.) 250, and Boll vs. Ostroot, 25 S. D. 513, 127 N. Y. 577. We said that, in effect, in Mishler v. Peterson, 40 S. D. supply page No. page No. 166 N. W. 640. The trial court found that water never flowed out from this lake, and the evidence showed without dispute that the lake was a distinct natural basin for the drainage of some two sections of land. Hence the decisions in Anderson v. Drake and Boll v. Ostroot, supra, apply, and the case of Thompson v. Andrews, does not apply. The only method open to defendants to cause the lake to be drained was by proceeding under the drainage law.

The judgment and order appealed from are reversed, and the trial court is directed to enter judgment enjoining the maintenance of the tile drain, and upon the evidence heretofore received, or upon new evidence as it may be advised, to determine the amount of damages that plaintiff is entitled to recover.