RAE, Respondent, v. KUHNS, Appellant.

(184 N. W. 280.)

(File No. 4839.    Opinion filed August 31, 1921.    Rehearing denied November 22, 1921.)

4. **Drainage—Plaintiff's Drainage Tiling, Directing Water Away From Natural Drainage, and Affecting Defendant's Land, Effect Re Damages.**

The evidence warrants concurrence in trial court's findings that the course of natural drainage from a certain pond on plaintiff's farm is in a southwesterly direction which would carry the water away from defendant's land, and that plaintiff should not be permitted to drain said pond into a depression situated southerly from the pond and from which depression the water at times flowed upon defendant's adjacent land to southward.

2. **Same—Plaintiff's Drainage Out of Natural Course to Depression Near Plaintiff's Land, Overflow Therefrom—Statute Applied (Venner v. Olson, 40 S. D. 585, followed)—Defendant Entitled to Injunction.**

Preponderating evidence showed a well defined ridge along southwest side of a pond on plaintiff's land, and that the natural course of drainage therefrom was not along the line of a tile drain made by him between the pond and a depression near the southerly line of his farm, from which latter water at times overflowed on defendant's adjacent land so that he was unable to farm that 40 of his land in connection with the 40 to eastward as had been done. Held, that Sec. 4879, Code 1919, while permitting drainage along the natural course of drainage, does not permit it along an artificial course, except under the statutory drainage proceedings; the rule announced in Venner v. Olson, 40 S. D. 585, to effect that said statute does not permit construction of drains through a natural barrier into another natural drainage course on owner's land, thereby flooding another's land, is adhered to, and defendant was entitled to an injunction against maintenance of said tile drain into said depression.

3. **Damages—Flooding Defendant's Land by Unnatural Drainage— Overflow Preventing Joint Farming of Adjoining 40s— Whether Damages Trifling—Injunction Maintainable.**

Where evidence showed that as a result of plaintiff's drainage of his land other than through a natural drainage course, into a depression near defendant's land from which depression the overflow upon defendant's land made a deep cut so that a portion of the land is isolated and cannot be farmed in connection with the adjoining 40 to westward, the damage is otherwise than trifling. So held, in adjudging that defendant was entitled to an injunction enjoining plaintiff from maintaining said tile drain into the depression; trial court having properly found that in natural course of drainage water flows from plaintiff's land onto defendant's land, except a small depression near deefndant's land from which depression water would in rainy seasons flow southwesterly and away from defendant's land, that to more readily drain the various depressions on plaintiff's land he constructed tile drains thereon leading to said natural depression, water from which drain passes over defendant's land through such depression; but whose findings concerning amount of damage, and whose conclusions that defendant is not entitled to injunction, are not sustained.

Whiting, J., not sitting.

Appeal from Circuit Court, Lincoln County. Hon. Louis L. Fleeger, Judge.

Action by R. A. Rae, against A. J. Kuhns, praying for an injunction against defendant directing the removal of a certain dam or fill constructed by defendant across plaintiff's drainage; defendant, in addition to defending, having counterclaimed and prayed an injunction against plaintiff's maintenance of said drainage. From a judgment for plaintiff and denying defendant's prayer for an injunction, and from an order denying a new trial, defendant appeals. Reversed, and remanded for further proceedings.

*A. B. Carlson,* for Appellant.

*Kirby, Kirby & Kirby,* for Respondent.

(2) To point two of the opinion, Respondent cited: Thompson v. Andrews, 39 S. D. 477; Mischler v. Peterson, 40 S. D. 183.

GATES, J. This is a case involving the right of an upper landowner to construct tile drains wholly upon his own land and thereby cast the water from certain ponds upon the land of the lower landowner. The following map of section 21, township 98, range 50 west 5th p. m., in Lincoln county, fairly shows the situation:

Plaintiff owns the northeast quarter, and defendant the southeast quarter of the section. Plaintiff constructed tile drains from ponds C and E into pond B, and from ponds B and D into depression A.

Following are the findings of fact and conclusions of law made by the trial court, except the first finding, which related to the ownership of the lands:

"(2) That the conformity of the plaintiff's and defendant's land is such that in the natural course of drainage surface water, in rainy seasons, flows from the plaintiff's land onto the defendant's land, except a small depression near the center of the west

line of the plaintiff's land, and designated in the pleadings as pond D, which would overflow, if sufficient water were found therein, in a southwesterly direction, and not over the land of the defendant.

"(3) That the general contour of each of said farms is level, the general flow, however, being, with the exception of said pond D, from the north to the south on each of said farms; there being on plaintiff's land, however, depressions a few inches deep where surface water would accumulate in wet seasons.

"(4) That in order to more readily drain such depressions and cause the surface water to flow readily therefrom, the plaintiff has constructed a series of tile drains wholly upon his own land, between 5,000 and 6,000 feet, opening in a natural depression or swale, the water from which tile drain passes over the defendant's land through a natural depression.

"(5) That said tiling and draining done by the plaintiff is done in the most workmanlike manner and in accordance with good husbandry (except as to said pond D), and that the water flowing therefrom upon defendant's land does his farm as small, if any, damage as possible.

"(6) That the loss, if any, which the defendant suffers by reason of the flow of water from the plaintiff's land is trifling.

"(7) That said tiling and drainage done by the said plaintiff enters the said defendant's land (with the exception of pond D) in such a way as to do as little damage as possible, if any, to the said defendant.

"(8) That now the water from said plaintiff's land immediately runs off after rains, leaving no permanent springs or permanent water.

"From the foregoing findings of fact the court derives and makes the following conclusions of law:

"1. That the defendant is entitled to judgment restraining the said plaintiff from draining said pond D in a southeasterly direction, so that the surface water therefrom will flow upon the land of the defendant.

"2. That the defendant is not entitled to restrain the said plaintiff from continuing the drainage of any of the remainder of his farm as the same is now constructed.

"3. That as the plaintiff offered to dismiss this proceeding

prior to the incurring of the expense of the trial, and the defendant having insisted upon trial on the counterclaim, and the relief recovered by the defendant being of a trifling nature, neither party should have costs."

From the judgment, and an order denying new trial, defendant appeals.

[1] We concur in the view of the trial court that the course of natural drainage from pond D is in a southwesterly direction, and therefore that plaintiff should not be permitted to drain that pond into depression A.

[2] We think, however, that the clear preponderance of the evidence shows that there is a well-defined ridge along the southwest side of pond B, and that the natural course of drainage from pond B is not along the line of the tile drain from pond B to depression A, but that in time of high water the overflow from pond B ran along the line marked course 2. Rev. Code 1919, § 8479, permits drainage by landowners *along the natural course of drainage,* but the law does not permit it along *an artificial course,* except under the statutory drainage proceedings. In our opinion the determination of this case is governed by the decision of this court in Venner v. Olson, 40 S. D. 585, 168 N. W. 740.

[3] Nor can we agree with finding 6 that appellant's damage is trifling. The evidence clearly shows that prior to the construction of the drains appellant farmed the northwest 40 of his land as one tract; that by reason of the acts of respondent a deep cut has been made from depression A to the dry run, and that the portion of appellant's land north and east of the present branches of the dry run is isolated, and cannot be farmed in connection with the remainder of the northwest 40.

We are of the opinion that, under the evidence, the trial court should have enjoined the maintenance by respondent of the tile drain connecting pond B with depression A.

The judgment and order appealed from are reversed, and the cause is remanded for further proceedings in harmony with this opinion.

WHITING, J., **not sitting.**