RAY WARNER ET AL., APPELLEES, v. FRANK W. BERGGREN ET AL., APPELLANTS.

FILED DECEMBER 11, 1931. No. 28003.

*John Tongue* and *Campbell & Campbell,* for appellants.

*George F. Corcoran, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

DAY, J.

This is a suit in equity to secure an injunction to prevent individual landowners from draining a pond or basin upon their lands in such a manner that the water runs across plaintiffs' land. From a decree granting a permanent injunction, the defendants appeal.

There is no serious dispute about the facts. There is some disagreement as to conclusions drawn therefrom, arising mostly from a confusion of terms. The defendants constructed an open ditch about 15 inches deep through the rim of the basin on their lands and discharged the water into the ditch of the highway, separating the lands of the parties, where it ran through a small culvert and thence upon the land of plaintiffs. There is a gentle slope of the land in the general direction from defendants' land toward plaintiffs' land. Surface water naturally drains into this basin and can only escape by percolation or evaporation. In exceptional cases this basin has filled and overflowed toward the plaintiffs' land. The common-law rule is that no natural easement or servitude obtains in favor of the higher land to drain surface water upon lower land. In this state the common-law rule, with some exceptions, obtains. *Muhleisen v. Krueger,* 120 Neb. 380. In many respects, the situation presented in the case at bar is similar to that in the foregoing case.

The defendants, however, claim the right to drain the basin on their lands in the manner attempted, by virtue of statutory modifications of the common-law rule. They rely upon section 31-301, Comp. St. 1929: "Owners of land may drain the same in the general course of natural drainage by constructing an open ditch or tile drain, discharging the water therefrom into any natural watercourse or into any natural depression or draw, whereby such water may be carried into some natural watercourse;

and when such drain or ditch is wholly on the owner's land, he shall not be liable in damages therefor to any person or corporation." Section 31-302, Comp. St. 1929, defines the terms: "Any depression or draw two feet below the surrounding lands and having a continuous outlet to a stream of water, or river or brook shall be deemed a watercourse."

The drainage attempted by the defendants is not such as comes within the provisions of the statute. The controversial ditch was not constructed to discharge the water from the basin into either a natural watercourse, or, as contended by defendants, into a depression or draw, whereby such water might be carried into some natural watercourse. The water in this case was diverted and drained from one water shed into another by means of a ditch dug through the rim of the basin and emptied into a borrow pit by the side of the road, where it overflowed in a somewhat diffused state upon the plaintiffs' land. In the subsequent course of drainage it did not flow in any draw or natural depression, but would slowly drain into a pond upon plaintiffs' land, where artificial drainage would be necessary to carry it to a natural draw or depression. Surely, the plaintiffs cannot be required, under the statute relied upon, to construct an artificial drain to care for the water discharged upon their land by such a ditch as the one constructed by the defendants. It is not necessary to discuss those cases cited by the defendants, which are clearly within the statute, where water was certainly drained into a natural watercourse. In *Graham v. Pantel Realty Co.*, 114 Neb. 397, the court had almost the identical situation before it, and held that, where water is impounded upon land by natural conditions and a lake is formed, the owner has no lawful right to cause such water to flow upon the land of another to his damage.

In conformity to the foregoing findings of fact and conclusions of law, it is determined that the permanent injunction was properly granted, and the judgment of the trial court is

AFFIRMED.