ADA A. YOCUM ET AL., APPELLEES, V. JAMES LABERTEW, APPELLANT.

15 N. W. 2d 384

FILED JULY 21, 1944. No. 31753.

*Raymond & Sheldon,* for appellant.

*Neighbors & Danielson, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This is an equity action filed by plaintiffs, appellees, in the district court for Scotts Bluff county, to secure an injunction and prevent defendant, appellant, from draining a lake upon his land by means of a channel dug through a natural retaining embankment causing waters to be wrongfully discharged upon and flow across plaintiffs' lands, and to recover damages for the destruction of growing crops. To plaintiffs' petition defendant filed an answer and cross-

petition praying for a denial of relief to plaintiffs, and affirmance by the court of defendant's right to thus accelerate the flow and discharge the water from his premises. After perfection of the issues by plaintiffs' reply to defendant's answer and answer to defendant's cross-petition, trial was had. At its conclusion the trial court entered a decree granting plaintiffs a perpetual injunction both prohibitory and mandatory as prayed by them but denying any recovery for damages to growing crops because the evidence adduced for that purpose was uncertain and insufficient to support a judgment. The decree also denied defendant the relief prayed in his cross-petition, and taxed the costs to him.

Defendant appeals, contending that the decree is contrary to the law and the evidence, and that the trial court erred in refusing to receive certain evidence offered by him. The plaintiffs did not cross-appeal and the question of their right to recover a judgment for damages is not involved in this appeal. An examination of the evidence and applicable law discloses that defendant's contentions cannot be sustained.

The record discloses that plaintiffs are the owners of the southwest quarter of section 11 and defendant is the owner of the southeast quarter of section 10, both in township 22, north, range 56, west of the 6th P. M. in Scotts Bluff county, Nebraska. The plaintiffs' land is on the east side and defendant's land on the west side of a county highway which extends north and south between them.

Upon the west side of defendant's land is a large lake which has accumulated through the years by seepage, percolation, precipitation, irrigation, and furrowed drainage from the lands of others to the northwest. Until 1938 the water in this lake was retained upon the western portion of defendant's land by a natural embankment extending generally north and south across his land. To the east of this embankment defendant's land slopes down toward the east where a natural lower land basin is formed, partly on defendant's land and partly on that of plaintiffs. The smaller

and higher portion of this basin, approximately five acres, is located on defendant's land, but the larger and lower portion thereof, approximately 25 acres, is located upon plaintiffs' land. There is no natural or artificial course of drainage through which water accumulating in the basin may be conducted therefrom to any natural stream or watercourse.

During 1938 defendant, without plaintiffs' consent or agreement, dug a channel through the natural embankment by which water was drained from defendant's lake to the lower basin on the east. In 1939 this channel was deepened by defendant until it was 4.3 to 4.7 feet deep. As a result substantial quantities of water flow at different times each year through the channel in an easterly direction into that part of the basin located on defendant's land causing it to fill up with water and flow or flood over and across the highway and into that part of the basin upon plaintiffs' land thereby flooding several acres, where the water continues to stand rendering plaintiffs' land unfit for cultivation and damaging their crops.

When defendant cut the channel across the natural embankment and caused the water to flow into the basin he did not drain the water into any natural watercourse or into a natural depression or draw whereby it could be carried into a natural watercourse as provided by sections 31-301 and 31-302, Comp. St. 1929. The evidence is that the water upon reaching plaintiffs' land is impounded in a natural basin from which the only means of escape is through evaporation or deep percolation, and there is no doubt that digging the channel has been the cause of injury and damage to plaintiffs.

The defendant's own testimony is that he dug the channel in 1938 and enlarged it in 1939 because he thought as long as the east part of his land was wet and alkali he could drain the lake into it and reclaim some of his land on the west. He testifies that he thought he had as good a right to run water down there as others did to run it upon him; that by digging the channel he reclaimed nine or ten acres of his land to the west of the embankment with only the

loss of an acre or an acre and a half in his part of the basin to the east. He admits that after the channel was dug more of plaintiffs' land was flooded than would have been flooded if the channel had not been dug by him. He admits also that when the water reaches the plaintiffs' land it just stands there until it seeps away or evaporates, since there is no other natural or artificial way for it to escape or get out of the basin.

Under these circumstances, defendant cannot prevail. Well-reasoned opinions from this jurisdiction in similar cases are directly in point and controlling. In *Graham v. Pantel Realty Co.*, 114 Neb. 397, 207 N. W. 680, it was held: "Where water is impounded upon land by natural conditions whereby a lake is formed, the owner of such land has no lawful right to remove an impediment to its flowage and thereby cause such water to flow upon the land of another to his damage. For such injury injunction is a proper remedy and an injured party may recover such damages in the same action as he may have sustained by such wrongful act." Also, in *Warner v. Berggren*, 122 Neb. 86, 239 N. W. 473: "Owner of land on which water is impounded by natural drainage forming a lake has no right to drain the water by artificial means upon the land of another to his damage, except as provided by statute. * * * Evidence in this case does not bring it within the provisions of sections 31-301 and 31-302, Comp. St. 1929, for the water collecting in the basin was not drained into any natural watercourse or into any natural depression or draw draining into a natural watercourse."

Further, as early as *Davis v. Londgreen*, 8 Neb. 43, a case similar to the one at bar, this court held that, "In such cases equity looks to the nature of the injury inflicted, together with the fact of its constant repetition, or continuation, rather than to the magnitude of the damage inflicted, as the ground of affording relief."

Finally, the defendant offered evidence of certain proceedings of the county commissioners of Scotts Bluff county, together with the tax records showing that the assessed

valuation of plaintiffs' property involved had been reduced because of seepage thereon prior to the time the channel was dug by defendant, to which the trial court sustained objections of counsel for plaintiffs. Thereafter defendant made appropriate offers of proof to which objections were sustained. In this connection, we call attention to the fact that plaintiffs have not sought in this action to recover damages to the land involved, and the question of the amount of damages suffered to crops has been eliminated from this appeal. The sole question presented here is whether defendant had a right to drain and discharge the water upon plaintiffs' land in the manner claimed by plaintiffs and admitted by defendant. Under such circumstances the value of the land would be immaterial. We fail to see where such evidence even though admitted or considered by this court upon trial *de novo* as in equity could in any manner affect or control decision of the issues actually presented to us. Therefore, its exclusion could not be prejudicial error. Accordingly, the judgment of the trial court was correct and it is hereby affirmed.

AFFIRMED.