BRUHA, Respondent v. BOCHECK, Appellant

(74 N.W.2d 313)

(File No. 9524.   Opinion filed December 20, 1955)

**Stover, Beardsley & Osheim,** Watertown, for Defendant and Appellant.

**William J. Holland,** Sisseton, **Glenn E. Fisher,** Webster, for Plaintiff and Respondent.

ROBERTS, J.   This is an action to enjoin defendant from maintaining artificial outlets and ditches which allow surface waters to flow from basins or ponds on defendant's land upon adjoining land of the plaintiff and for damages to crops allegedly caused by waters so diverted.

Plaintiff is the owner of the northwest quarter and defendant is the owner of the southwest quarter of Section 28, in Brantford Township, Hamlin County.   Plaintiff alleges that there were a number of basins or ponds on defendant's land having no natural outlets; that defendant cut ditches through the natural barriers of ponds in the north part of his quarter section which caused waters to flow directly upon the land of the plaintiff; and that waters from other basins or ponds on defendant's land are diverted through

artificial outlets and ditches into a larger basin referred to in the record as the common slough in the east portion of the two quarter sections. Defendant interposed an answer denying that the basins or ponds and the common slough had no natural outlets and alleging that by means of the ditches on his own property surface waters are drained into a natural watercourse.

The court found that there were four shallow basins on defendant's land wherein, before the artificial drainage of which plaintiff complains, surface water collected and remained until it escaped by percolation or evaporation; that defendant in 1951 and 1952 cut through natural barriers surrounding the basins and caused waters to flow upon plaintiff's land to his detriment; that waters from two of such basins were diverted directly upon plaintiff's land; and that surface waters from the other basins were drained into the common slough which is a landlocked basin. The court decreed that defendant restore the four basins to their former condition and awarded damages in the amount of $70.80 for the loss of crop in 1953. From the judgment, defendant appeals challenging the sufficiency of the evidence to require restoration and the enjoining of maintenance of ditches on his property and to permit the award of damages.

■ SDC 61.1031 provides in part: "Owners of land may drain the same in the general course of natural drainage, by constructing open or covered drains, discharging the same into any natural watercourse or into any natural depression whereby the water will be carried into some natural watercourse * * * and when such drainage is wholly upon the owner's land he shall not be liable in damages therefor to any person."

The legislative policy thus manifested and construed by decisions of this court is that the owner of the dominant land, in the exercise of a reasonable use of his property, has the right by means of ditches and drains on his property to accelerate the flow of surface waters into a natural watercourse, and into which such waters naturally drain, provided he does not permit an accumulation of water on his property and cast the same on the servient land in unusual or unnatural quantities. We do not undertake to review

all our decisions applying this statute. We cite the cases of Johnson v. Metropolitan Life Ins. Co., 71 S.D. 155, 22 N.W. 2d 737 and Kougl v. Curry, 73 S.D. 427, 44 N.W.2d 114, 22 A. L.R.2d 1039, wherein the decisions of this court are cited and the reasons for the rule are discussed.

■ When defendant cut through the natural barriers which impounded surface waters in the basins or ponds on his land and by the installation of ditches thereby discharged the water either over and upon the land of his neighbor or into the common slough he did not drain the waters into a natural watercourse or into a natural depression whereby it would be carried into a natural watercourse as provided in Section 61.1031. It appears from the evidence that the common slough located partly on the land of the plaintiff has no outlet, natural or otherwise, and there is no diminution of water except by evaporation or percolation.

■ Applicable is the following from La Fleur v. Kolda, 71 S.D. 162, 22 N.W.2d 741, 744: "To require those who settled these prairies to take the land subject to the burdens ordained by nature seems wholly reasonable. * * * But such reasoning, in our opinion, supplies no support for a rule which permits the upper owner to transfer the burdens imposed by nature on his land to that of the lower owner. To artificially drain a land-locked basin on the upper estate to a like basin on the lower estate is to relieve the upper estate of a burden at the expense of the lower estate. Such a rule could not have been anticipated by either the settler of the upper or the lower estate. It is unjust and unsound. It gains no support from the civil law rule, which obtains in this jurisdiction, or from more modern authority."

■ Defendant contends that plaintiff had the burden of proving that defendant caused a material increase in the volume of water coming on his land and that he has been or will be substantially injured thereby. The evidence shows that ditches draining the two ponds in the north part of defendant's quarter section have discharged waters in times of heavy rainfall directly on plaintiff's land and on occasions caused damage to crops. Waters accumulated in the other two basins or ponds for which there were no natural outlets are drained into the common slough. The

ditch diverting waters from one of these ponds is six to eight feet wide and eight inches deep and the other is the same width and twelve inches deep. How much additional water reaches plaintiff's land because of the construction of these ditches is not ascertainable. Plaintiff referring to the larger of these ponds testified that its area is four or five acres. There can be no doubt, however, that these ditches have caused more water to accumulate in the common slough and in that part of such basin located upon plaintiff's land. In Byram v. Lawein, 57 S.D. 403, 232 N.W. 907, 909, it was held that as ground for affording relief in such cases "equity looks chiefly to the nature of the injury inflicted and the fact of its constant repetition or continuation, rather than to the magnitude of the damage resulting". An early Nebraska case, Davis v. Londgreen, 8 Neb. 43, is cited therein and followed. Among recent cases of the same import are Yocum v. Labertew, 145 Neb. 120, 15 N.W.2d 384; Skolil v. Kokes, 151 Neb. 392, 37 N.W.2d 616; Schomberg v. Kuther, 153 Neb. 413, 45 N.W.2d 129; see also 67 C.J., Waters, §324. Relief by injunction against the continuing injury to land of the plaintiff caused by the unlawful drainage was under the circumstances proper.

██ The court awarded damages for the loss of four acres of oats as we have indicated. Plaintiff's evidence shows that the remainder of the field yielded about thirty bushels per acre and that the market price of oats was 59¢ per bushel. The measure of damages for the destruction of a crop is its value at the time and place of destruction which may be established by showing the probable yield if there had been no injury and the market value and subtracting therefrom the necessary cost of tilling, harvesting and marketing. 25 C.J.S., Damages, § 85. It is obvious that in the absence of evidence of what would have been the fair and reasonable cost of tilling, harvesting and marketing the court did not have sufficient data before it upon which to determine the actual damage.

The judgment of the circuit court is in all matters affirmed except its award of damages. The judgment in that respect is reversed. No costs to be taxed.

All the Judges concur.