SMITH and HOUSKA, Respondents v. CHARLES MIX COUNTY et al., Appellants

(182 N.W.2d 223)

(File No. 10754. Opinion filed December 18, 1970)

**M. E. Miller,** Lake Andes, for defendants and appellants.

**Rueb & Wipf, Owen R. Wipf,** Wagner, for plaintiffs and respondents.

HANSON, Judge.

The trial of this action for damages to crops caused by flood waters resulted in a verdict for plaintiffs in the amount of $1,550. The defendant county appeals.

The plaintiff, George Smith, owns and the plaintiff, Lloyd Houska, rents on a share crop basis the North Half of the Northwest Quarter of Section 13 and the North Half of the Northeast Quarter of Section 14, in Ree Township, Charles Mix County, South Dakota. A county highway running east and west abuts plaintiffs' property on the north. The property on the north side of the highway is referred to in the evidence as the "Ramsdell land". About one half mile east

of these farms the highway crosses Spring Creek. The highway was originally constructed by the Indian Bureau of the Department of the Interior, but was made a part of the Charles Mix County highway system in 1957. Sometime after acquiring jurisdiction the county regraded, reshaped, and graveled the road.

For their cause of action plaintiffs alleged, in substance, that by the construction of the highway grade and installation of culverts the county either (1) diverted water from one watershed to another, or (2) it released unusual quantities of impounded water, thereby causing flood waters to be cast upon their cropland which would not otherwise be so burdened. The county contends, on appeal, the evidence is insufficient to sustain its liability and the damages awarded.

The general area surrounding plaintiffs' property and the Ramsdell land is flat tableland without any natural drainage depressions or watercourses. On June 17, 1967 there was an unusually heavy rainfall in the area which raised the level of water in Spring Creek. Some of this overflow water was diverted by the county highway which flowed west along the north ditch. The road ditch provided an artificial and unnatural outlet for the water from Spring Creek. In the absence of culverts or sufficient culverts the highway acted as a dam causing the water to back up and flood the Ramsdell land. By June 21st the water on the north side of the highway was nearing the top of the grade whereas there was relatively little water on the south side. To save the highway grade the county installed two large culverts in the highway grade abutting plaintiffs' property in Section 13. As the impounded water on the north side of the grade was released through the culverts the water level on both sides of the road was fairly equalized resulting in the flooding of a portion of plaintiffs' cropland.

Such evidence is sufficient to sustain a recovery against the county for damages. Our law relating to the drainage of surface waters in rural areas is summarized in Bruha v. Bocheck, 76 S.D. 131, 74 N.W.2d 313: "the owner of the dominant land, in the exercise of a reasonable use of his property, has the right by means of ditches and drains on his

property to accelerate the flow of surface waters into a natural watercourse, and into which such waters naturally drain, provided he does not permit an accumulation of water on his property and cast the same on the servient land in unusual or unnatural quantities." These principles apply to a county in the construction, improvement, and maintenance of its highways. In the performance of such work a county cannot divert surface waters into unnatural watercourses or gather water together in unnatural quantities and then cast it upon lower lands in greater volume and in a more concentrated flow than natural conditions would ordinarily permit. Damages caused thereby constitute a compensable taking or damaging of private property for a public use under Section 13, Article VI, S.D. Constitution. See Bogue v. Clay County, 75 S.D. 140, 60 N.W.2d 218, and Shuck v. City of Sioux Falls, 79 S.D. 505, 113 N.W.2d 849.

 Plaintiffs contend the sudden and unnatural discharge of the accumulated water through the culverts in the highway flooded a portion of their land planted to corn, oats, and soy beans. They claim the probable or normal yield of such crops was reduced by reason of the flooding caused by the county. There is, however, a fatal lack of proof of such damages as the market value of corn at the time of the claimed loss was not shown. The amount and nature of such loss is not otherwise very satisfactorily shown in terms of acres and bushels.

We, accordingly, affirm the judgment insofar as the liability of the county is concerned, but reverse and remand the action for new trial on the issue of damages only. No costs shall be allowed either party.

All the Judges concur.