BURKE, Respondent v. THOMAS CHEVROLET, et al., Appellants

(227 N.W. 2d 31)

(File No. 11492. Opinion filed March 19, 1975)

Gale E. Fisher of May, Johnson & Burke, Sioux Falls, for plaintiff and respondent.

Ronald J. Wheeler of Churchill, Manolis & Wheeler, Huron, for defendants and appellants.

DUNN, Chief Justice.

This is an appeal from a judgment for damages awarded the plaintiff, John E. Burke, on the grounds of breach of express warranties in the purchase of a used automobile. The trial court found that the defendants, Thomas Chevrolet, a corporation doing business as Southtown Motors, and Pat Thomas, and its agents made statements of fact relative to the condition of the car at the time plaintiff purchased it which induced plaintiff to purchase the same, and upon which the plaintiff relied; that such statements were false; and that plaintiff notified defendants of defects within the time provided by the express warranty. The trial court rendered judgment against defendants for the difference between the price paid for the car and the actual value placed on the car at the time of purchase, plus some consequential damages. We affirm.

This case stems from the sale of a used 1971 Javelin by the defendants to the plaintiff on March 25, 1973. Plaintiff and his son went to Southtown Motors some ten days before the sale and received certain representations concerning the car from Lee Hayden, a salesman, who was in charge of the Southtown lot that day. Plaintiff testified that Mr. Hayden told him that the previous owner had experienced motor trouble which had been repaired and that the automobile was now in "tip-top condition," and when asked by the plaintiff whether the car had been "in a wreck or anything like that," he replied, "No. The only thing that is wrong with this car is the motor. Other than that, it's just like it came from the factory." Plaintiff also testified that defendant Pat Thomas, Southtown's manager, assured him that the only trouble the car had experienced was motor trouble, and that the previous owner had "[t]raded down" because he couldn't afford to have the engine fixed. Also, plaintiff testified that Thomas told him that the engine had been repaired and "was in good operating shape." The car carried a 100% written warranty for thirty days on the engine, transmission and electrical system.

It later developed from the testimony of LeRoy Hoefert (former owner) that the car had been completely gutted by fire; that Hoefert had repaired the same with used wire loom and improvised parts in the air-conditioning and electrical systems; and that he had painted the car, installed glass, straightened or replaced the top and the upholstery. Hoefert sold the car to one

Yerkan who testified that he knew the car had been gutted by fire, but that he had failed to tell the defendants of this fact before selling the automobile to them.

Plaintiff testified that problems with the car began some ten days after delivery. The car would not start, the air conditioner did not work properly, the windshield wipers would not work upon acceleration and the battery went dead. Plaintiff testified that he went to the defendants and advised them of the problems he was having with the automobile and that they did nothing. He then had the car repaired elsewhere at a total cost of $132.52. Continuing complaints at the time of trial had to do with the electrical system—especially with regard to the heating and cooling system—and the failure of the windshield wipers to perform upon acceleration.

Plaintiff testified that the fair and reasonable value of the car at the time of purchase was $1,500, and that he based this value on what he had learned about the car subsequent to its purchase. He also testified that he paid the defendants $2,795 ($2,300 cash, plus $495 trade-in) for the automobile. The trial court, on the basis of the evidence adduced, awarded the plaintiff $1,295 (the difference between the value placed upon the automobile by the plaintiff, which was not refuted, and the actual purchase price), and also awarded him $132.52 as consequential damages.

In considering the various assignments of error on appeal to this court, we are bound by the rule that the findings of the trial court are to be upheld unless clearly erroneous. SDCL 15-6-52(a); City of Rapid City v. Hoogterp, 85 S.D. 176, 179 N.W.2d 15. We find substantial evidence to uphold the trial court's findings that the defendants breached an express warranty as to this automobile and that they failed to respond to a timely request that they live up to this warranty. On this basis the defendants would be liable for any damages sustained thereby by the plaintiff.

Defendants maintain that Hayden's statements were hearsay as to them and should not have been permitted in evidence. They admit that Hayden was their agent and that admissions of an agent may be received in evidence against the

principal, but they maintain that it nevertheless is required that the statements made "must be statements of fact rather than expressions of opinion," citing 31A C.J.S. Evidence § 343. Such statements as, "the (previous) owner had had some motor trouble * * * but that it all had been repaired," and the response to the question of whether the car had been in a wreck or anything like that where the reply was "No. The only thing that is wrong with this car is the motor," are statements of fact and not expressions of opinion. The additional statements thrown in of the motor being in "tip-top condition," and "like it came from the factory," are conclusions, but they were made after statements of fact to support these conclusions. The trial court did not err in permitting these statements in evidence.

 The defendants also claim that the trial court was in error in basing damages solely on the testimony of the plaintiff as to the actual value of the car on the date of purchase. While they agree with the statement of law that the "owner of personal property is qualified to give an opinion as to value," they maintain that plaintiff should not be permitted to base that opinion on troubles he had with the car after the purchase date. We find nothing in the rationale behind the general rule that is disturbed when the owner gives a value opinion based on his subsequent experience with the chattel. Hannahs v. Noah, 1968, 83 S.D. 296, 158 N.W.2d 678. The rule is based on his knowledge of and familiarity with the chattel, however gained.

 Finally, defendants maintain that the plaintiff was granted damages in excess of his prayer for relief. While it is true that plaintiff's prayers for relief on the various counts were not in accord with the general verdict of the trial court, this was corrected by a timely motion by the plaintiff to conform his complaint to the proof. This was not objected to by defendants, and the motion was granted by the court. The proof does establish a basis for granting $1,295 general damages and $132.52 consequential damages. Actually, without an amendment to conform to the proof, plaintiff would be entitled to the relief granted under SDCL 15-6-54(c).

We have examined the other assignments of error and find them without merit.

Affirmed.

All the Justices concur.