**Harriet J. BOURK and Neil Huckfeldt, Plaintiffs and Appellants,**

v.

**ISEMAN MOBILE HOMES, DIVISION OF U. S. INDUSTRIES, INC., and Windsor Mobile Homes, Inc., Defendants and Appellees.**

No. 13350.

Supreme Court of South Dakota.

Submitted on Briefs Nov. 18, 1981.

Decided Feb. 24, 1982.

Charles M. Thompson of May, Adam, Gerdes & Thompson, Pierre, for appellants.

Robert C. Riter, Sr. of Riter, Mayer, Hofer & Riter, Pierre, for appellees, Windsor Mobile Homes.

David R. Nelson, Sioux Falls, for appellees, Iseman Mobile Homes, Division of U. S. Industries, Inc.

FOSHEIM, Justice.

Harriet Bourk and Neil Huckfeldt (appellants) purchased a Windsor mobile home from Iseman Mobile Homes (Iseman) of Pierre, South Dakota. Appellants subsequently sued Iseman and the manufacturer of the mobile home, Windsor Mobile Homes, Inc. (Windsor), alleging in Count I breach of warranty and in Count II fraud through misrepresentation. Appellants sought actual and exemplary damages. The trial court granted the Defendants' motion for summary judgment on Count II. Appellants appeal the summary judgment and the trial court's denial of their motion to amend their complaint to add a cause of action for compensation in equity for fraud. Trial on the warranty count was stayed pending this appeal. We reverse.

The guidelines for ruling on a motion for summary judgment were stated in the seminal case of *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19, 21–22 (1968) (footnotes omitted).

1. The evidence must be viewed most favorable to the nonmoving party.

2. The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

3. Though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists.

4. A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so

unsubstantial that it is obvious it would be futile to try them.

5. Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant.

6. Where, however, no genuine issue of fact exists it is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

Summary judgment may be used in all types of litigation, but there are some kinds of cases which lend themselves more readily to summary adjudication than others. Statistics show it is granted more frequently in actions on notes and for debts than in other kinds of cases. Three classes of litigation which are not usually suited for summary disposition are 1) negligence actions, 2) actions involving states of mind, 3) equitable actions.

■ Windsor's affidavit in support of its motion for summary judgment generally denies the Appellants' claim of fraud, and specifically denies that Iseman is its agent, officer or employee. The trial court did not specify the basis for its summary judgment in favor of Windsor but the memorandum decision does not indicate it was granted because there was no agency relationship between Windsor and Iseman. In support of its motion, Windsor submitted the deposition of Mr. Richard Roughton, General Manager of Windsor. That deposition tends to refute the denial of agency. Mr. Roughton deposed that when Iseman sold the mobile home to Appellants, Iseman was an approved Windsor dealer and that there was a written agreement between Windsor and Iseman covering the terms of that deal-ership. No evidence disputes that testimony. A principal can be held liable for the wilful acts of its agent acting in furtherance of the principal's business. *Burke v. Thomas Chevrolet*, 88 S.D. 660, 227 N.W.2d 31 (1975); *Skow v. Steele*, 74 S.D. 81, 49 N.W.2d 24 (1951); *Rasmussen v. Reedy*, 14 S.D. 15, 84 N.W. 205 (1900); SDCL 59–6–9. Windsor's affidavit and its supporting depositions are devoid of facts showing that Iseman was not acting in furtherance of Windsor's business when the mobile home was sold to Appellants.

■ We now turn to the Appellants' evidence. First we note that the trial court's decision of December 1, 1980 states in part: "Although the evidence is clear that defendants have been guilty of some exaggeration and 'puffing', I believe the evidence is equally clear that there is no evidence that a jury could find them guilty of fraud and deceit, nor that there was any reliance upon the same by plaintiffs." Ms. Bourk stated in her deposition that while she realized that Iseman's salesperson was giving her a salespitch, she never thought the salesperson was lying about the mobile home. Ms. Bourk also testified that she believed the salesperson's statement that the model mobile home they were shown was identical in all respects, except length, to the mobile home they ordered. Appellants' depositions are replete with examples of representations they say were made to them which we believe a jury could find fall far wide of the mark of puffing. Appellants testified that these representations were oral (by Iseman's salespeople), written (Windsor advertising brochures), and visual (the model Windsor mobile home). Appellants also testified that they relied on these representations when they ordered their mobile home. Whether the appellees willfully deceived the appellants,[1] and whether the appellants

---

1. SDCL 20–10–2 states:

A deceit within the meaning of § 20–10–1 is either:
(1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
(2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

(3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or
(4) A promise made without any intention of performing.

relied on any misrepresentations are just two of the factual questions raised by the pleadings, depositions and affidavits relating to the motions for summary judgment. Viewing the Appellants' evidence in a light most favorable to them we conclude that the Appellees' motions for summary judgment should not have been granted because they failed to show the absence of a genuine issue of material fact entitling them to judgment as a matter of law, and because we do not believe Appellants' claim of misrepresentation is a sham, frivolous, or so unsubstantial that it is obvious a trial on the merits would be futile.

For the above reasons [2] we reverse and remand for trial on the merits. Because of such disposition, it is unnecessary to discuss the denial of the Appellants' motion to amend their complaint.

All the Justices concur.

---

**2.** This judgment could be reversed because the affidavits supporting Iseman's and Windsor's motions for summary judgment were insufficient. They were made by counsel for the parties and therefore were not made on personal belief, they did not set forth facts admissible in evidence, but were mere denials of appellants' allegations and testimony, and they did not show affirmatively that the affiant was competent to testify to the matters sworn to. SDCL 15–6–56(e). *Hubbard Milling Co. v. Frame*, 310 N.W.2d 155 (S.D.1981); *Maryland Cas. Co. v. Delzer*, 283 N.W.2d 244 (S.D.1979); *Farmers & Merchants State Bank v. Mann*, 87 S.D. 90, 203 N.W.2d 173 (1973); *Hughes-Johnson Co. v. Dakota Midland Hospital*, 86 S.D. 361, 195 N.W.2d 519 (1972). However, since appellants failed to object to the insufficiency of the affidavits, we do not base our reversal on that ground. Wright & Miller, Federal Practice and Procedure: Civil § 2738.