**EQUILEASE CORPORATION, Plaintiff and Appellee,**

v.

**Rudolph BRECH, Defendant and Appellant.**

**No. 13419.**

Supreme Court of South Dakota.

Considered On Briefs Jan. 19, 1982.

Decided April 21, 1982.

C. Scott Pryor of Doyle, Mahoney & Lyons, Sioux Falls, for plaintiff and appellee.

L. Anthony Weisensee, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

This is an appeal from a summary judgment granted to appellee, Equilease, in its action to enforce the terms of a lease of a ·flatbed trailer it had leased to appellant, Brech. Appellant answered the complaint with two specific defenses, one alleging misrepresentation. We reverse and remand.

We stated the criteria governing a ruling on a motion for summary judgment in *Wilson v. Great Northern Railway Company,* 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968) (footnotes omitted):

(1) The evidence must be viewed most favorable to the nonmoving party; (2) The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (3) Though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists. (4) A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious it would be futile to try them. (5) Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a

genuine issue as to material fact should be resolved against the movant. (6) Where, however, no genuine issue of fact exists it is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

In his answer appellant affirmatively averred fraud through misrepresentation with sufficient particularity to put the matter in issue. SDCL 15–6–9(b). Similarly, appellant's answers to the interrogatories served upon him by appellee are replete with details concerning the alleged misrepresentation. Appellee offered no affidavit in support of its motion, SDCL 15–6–56(a), but relied on the averments in the pleadings and appellant's answers to its interrogatories. We find that taken together, these documents raise issues of material fact not refuted in any way by appellee.

Whether appellant relied on any misrepresentation is just one of the factual questions raised by the pleadings, appellant's answers to appellee's interrogatories, and appellant's affidavits in opposition to summary judgment. As we recently held with respect to allegations of misrepresentation, "[W]e do not believe Appellants' claim of misrepresentation is a sham, frivolous, or so unsubstantial that it is obvious a trial on the merits would be futile." *Bourk v. Iseman Mobile Homes*, 316 N.W.2d 343, 345 (S.D.1982). Likewise in the instant case, considering appellant's evidence in the light most favorable to him, we conclude that there is a genuine issue of material fact on the issue of misrepresentation.*

The judgment is reversed and the case remanded for trial.

All the Justices concur.

---

* We note that the trial court entered findings of fact and conclusions of law in this matter. Inasmuch as summary judgment presupposes no genuine issue of fact, findings of fact and conclusions of law are unnecessary. SDCL 15–6–52(a); *Wilson v. Great Northern Railway Company*, supra.