George KANE, Glen Kane, Mary Kane, Plaintiffs and Appellants

v.

Detlef SCHNITZLER and Faith Schnitzler, Defendants and Appellees.

No. 14437.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1984.

Decided Nov. 7, 1984.

David L. Braun of Gors, Braun, & Carlon, Pierre, for plaintiffs and appellants.

Thomas E. Brady of Richards, Hood & Brady, P.C., Spearfish, for defendants and appellees.

PER CURIAM.

Glen and Mary Kane appeal from an order granting Detlef and Faith Schnitzler's motion for summary judgment. We affirm.

On March 16, 1981, George Kane executed an agreement with Detlef and Faith Schnitzler under which Kane would be licensed and would purchase a Dancenastics Mademoiselle franchise business. Kane also executed a separate contract with Glen and Mary Kane employing them as agents to manage Dancenastics Mademoiselle.

In 1982 George Kane and Glen and Mary Kane brought this action alleging fraud and deceit on the part of the Schnitzlers. George Kane elected to proceed on his count of rescission based on fraud. Glen and Mary Kane elected to seek damages pursuant to the fraud and deceit count.

The latter count alleged that Glen and Mary Kane "were deceived and induced to purchase the business" by the Schnitzler's "false, fraudulent and intentionally deceptive representations" that Dancenastics Mademoiselle's employees were independent contractors and the business had no labor problems, when, in fact, the employees were preparing to ask for a raise and the Schnitzlers had been paying unemployment taxes. Thus, Glen and Mary Kane alleged, they paid $38,500.00 for a business which they would not have otherwise purchased.

The issue on appeal is whether the trial court erroneously granted the motion for summary judgment because there was a genuine issue as to a material fact. SDCL 15–6–56(c). The principles which guide the use of, and review of, summary judgments are set forth in *Bourk v. Iseman Mobile Homes*, 316 N.W.2d 343 (S.D.1982) and *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). Liability for deceit is imposed by SDCL 20–10–1 which states: "One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

Glen and Mary Kane argue that the basis for the trial court's decision was that they were not parties to any contract or agreement to purchase. They contend, however, that a person can recover damages for fraud and deceit even though he is not privy to any contract or agreement. *See* 37 Am.Jur.2d Fraud and Deceit § 298 (1968); W. Keeton, D. Dobbs, R. Keeton, and D. Owen, Prosser and Keeton on the Law of Torts § 105 (5th ed. 1984); Restatement (Second) of Torts § 533.

That argument does not ring true in this case. Glen and Mary Kane alleged that they altered their position by entering into a purchase agreement, not that they had altered their position by negotiating the purchase of the business and expending resources managing it. None of the exhibits show that they purchased the business. In response to interrogatories each admitted that they owned no interest in the business. The only agreement to which Glen and Mary Kane were parties was an agreement with George Kane in which they agreed to act as agents and manage the business. Because the record is devoid of

any evidence that appellants were a party to any purchase agreement, there was no "genuine issue as to any material fact." SDCL 15–6–56(c). Glen and Mary Kane simply alleged a factual basis for deceit concerning which they could not prove. SDCL 15–6–9(b).

The judgment is affirmed.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as a Supreme Court Justice, not participating.