Darrell FEISTNER, Plaintiff and Appellant,

and

Marie Budde, Plaintiff,

v.

Edward L. SWENSON, Defendant and Appellee.

No. 14730.

Supreme Court of South Dakota.

Considered on Briefs March 7, 1985.

Decided May 22, 1985.

Jeffrey D. Larson of Bleeker, Boldt & Koch, Woonsocket, for plaintiff and appellant.

Gregory A. Protsch of Mumford, Protsch & Pardy, Woonsocket, for defendant and appellee.

FOSHEIM, Chief Justice.

Darrell Feistner (Feistner) appeals from a summary judgment granted in favor of Edward L. Swenson (Swenson). We reverse.

Feistner originally sought a temporary injunction to enjoin Swenson from diverting and draining surface water upon Feistner's land. Following a hearing, that request was denied. Feistner then filed an amended complaint requesting $12,000 damages and a permanent injunction.

The Feistner land is servient to the Swenson land. Feistner alleged Swenson ditched, channeled and filled his land, and cut through a township road, all of which diverted the water from its natural course and caused the damage to his land.

Swenson denies he drained or diverted surface waters from their natural flow. He claims he channeled the water into the watercourse which crosses Feistner's land. Feistner contends the water from Swenson's land does not flow across his land via any watercourse, but rather remains on his land and prevents him from using it for any purpose.

Swenson provided expert testimony to the effect that the waters covering Feistner's land actually came from Sand Creek, which overflowed from the abnormal 1984 precipitation. The drainage from Swenson's land according to the expert, contributed only a tenth of a foot to the total water deposited on Feistner's land, and the surface water followed a natural channel.

The issue is whether the disparity of facts precluded summary judgment. Feistner claims the testimony of the expert witness was an inconclusive opinion, which could be accepted or rejected by the trier of fact, and that the trial court erred in summarily granting judgment because there were genuine issues of material fact in dispute. *See, Wilson v. Great Northern Railway Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968).

Our review of an order granting summary judgment leads to an affirmance if any basis exists which supports the ruling. *Gross v. Conn. Mut. Life Ins. Co.,* 361 N.W.2d 259 (S.D.1985), *citing, Uken v. Sloat,* 296 N.W.2d 540, 542 (S.D.1980); *Maryland Cas. Co. v. Delzer,* 283 N.W.2d 244 (S.D.1979). The summary judgment must fulfill these tests: The evidence must be viewed most favorable to the nonmoving

party; the burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Though the purpose of the rule is to secure when appropriate a just, speedy, and inexpensive determination of the action, summary judgment is not to be used as a substitute for a trial to either a court or jury where any genuine issue of material fact exists. *Gross, supra, citing, Equilease Corp. v. Brech,* 318 N.W.2d 345 (S.D. 1982).

Swenson's right to drain water from his land is conditional. He must first show as claimed that he drained the water into a "natural watercourse." SDCL 46A–10–31 provides:

Closed or blind drains may be used whenever the same may be found practicable. Owners of land may drain the same in the general course of natural drainage, by constructing open or covered drains, discharging the same into any natural watercourse or into any natural depression whereby the water will be carried into some natural watercourse or into some drain on the public highway, with the consent of the board of county commissioners having supervision of such highway, and when such drainage is wholly upon the owner's land he shall not be liable in damages therefor to any person. Nothing in this section shall in any manner be construed to affect the right or liabilities of proprietors in respect to running waters or streams.

We discussed the term "natural watercourse" in *Johnson v. Metropolitan Life Ins. Co.,* 71 S.D. 155, 22 N.W.2d 737, 740 (1946):

If the surface water in fact uniformly or habitually flows off over a given course, having reasonable limits as to width, the line of its flow is within the meaning of the law applicable to the discharge of surface water, a watercourse.

■ The photographs in the record show that Feistner's land is flat. Once covered with water, the land appeared more like a slough than a course over which a natural watercourse flowed. This suggests that the water was not discharged over Feistner's land, but rather on it. In *Boll v. Ostroot,* 25 S.D. 513, 127 N.W. 577 (1910), the upper owner was draining into a slough on the lower owner. We held that the water so discharged was not carried through a natural watercourse allowable under the statute. *See also, Bruha v. Bochek,* 76 S.D. 131, 74 N.W.2d 313 (1955); *Lee v. Gulbraa,* 43 S.D. 493, 180 N.W. 946 (1921), and *Rae v. Kuhns,* 44 S.D. 494, 184 N.W. 280 (1921). The record accordingly indicates a genuine issue of material fact existed regarding whether Swenson drained water into a natural watercourse.

■ The drainage rights of a dominant landowner must also be exercised reasonably even though the surface water is discharged into a natural watercourse. In *Thompson v. Andrews,* 39 S.D. 477, 489, 165 N.W. 9, 13 (1917), we set forth the reasonableness doctrine:

But even though the waters of the basin in question are surface waters and there is a legal burden upon respondents' lands to receive such waters through the natural water course crossing such lands, such burden and the accompanying easement is one that is reasonable, or, as above noted, one consonant with good neighborliness. Under the claim of an easement appellant could not rightfully turn upon the servient estates large volumes of water, out of all proportion to the capacity of the water course, and thus cause serious damage to respondents[.]

In *Gross, supra,* we said:

"Drainage allowed, in conjunction with the natural easement rights set forth in *Thompson,* is 'conditioned only that such drainage be accomplished without unreasonable injury to [one's neighbor's] land.' *Thompson,* 39 S.D. at 488, 165 N.W.2d 13 [ (1917) ] ... surface water cannot be gathered together and cast in a body on the property of the lower owner ... so as to affect that neighbor's land in some other way than the way in which it has been affected before." *Gross, supra.*

Reasonableness of one's conduct is generally a question of fact to be determined by the trier of facts. *Myers v. Lennox Co-op. Assn.*, 307 N.W.2d 863, 864 (S.D.1981); *see also, Wolf v. Graber*, 303 N.W.2d 364 (S.D. 1981); *Hunt v. Briggs*, 267 N.W.2d 566 (S.D.1978); *Stenholtz v. Modica*, 264 N.W.2d 514 (S.D.1978).

■ There is evidence that Swenson cut through a graded road which had been damming water on his land. Feistner claims that in releasing this water, Swenson unreasonably affected his servient land. Swenson counters that he simply cleaned out an existing culvert and that his actions did not affect plaintiff's land in any unreasonable way. These diverse contentions also indicate a genuine issue of disputed material fact exists on the reasonableness of Swenson's conduct.

The summary judgment is reversed.

WOLLMAN, MORGAN and HENDERSON, JJ., and DUNN, Retired Justice, concur.

DUNN, Retired Justice, sitting for WUEST, Circuit Court Judge Acting as a Supreme Court Justice, disqualified.